FRITZ, APPELLANT, ET AL., *v.*
OTIS ELEVATOR COMPANY,
APPELLEE, ET AL.

(No. 13447—Decided June 1, 1988.)

*Chris T. Nolan, Nicholas L. Evanchan* and *Linda Tucci Teodosio,* for appellant.

*Kris Treu,* for appellee.

QUILLIN, J. Plaintiff appeals the trial court's decision granting defendant's summary judgment motion to dismiss the products liability counts of her cause of action because the suit was brought outside the ten-year statute of limitations governing improvements to real property. Plaintiff also appeals the trial court's failure to give her proposed jury instructions on the subject of comparative negligence. We affirm.

Plaintiff Karen Fritz sustained injuries when she fell while at work. She sued defendant Otis Elevator Company ("Otis"), alleging that an elevator installed and serviced by Otis did not stop level to the floor and, as a result, she fell when exiting the elevator. Her claims against Otis sounded in negligence and strict products liability.

Otis moved for summary judgment based on R.C. 2305.131, the ten-year statute of limitations for improvements to real property. The trial court granted Otis's motion as it related to Fritz's products liability claims because more than ten years had passed since Otis installed the elevator. The court also concluded that the service contracts under which Otis maintained and serviced the elevator since its installation were optional to the owner of the real property and not part of the installation of the original elevator.

Fritz's remaining claims against Otis for negligent maintenance and service of the elevator went to a jury trial. The jury found Fritz sixty percent negligent and Otis forty percent negligent. The trial court entered judgment for Otis. Fritz appeals.

Assignment of Error No. I

"The trial court erred in refusing to charge the jury as to the effect of their finding regarding the percentage of negligence in a comparative negligence case."

Fritz contends that the trial court erred in failing to instruct the jury, in accordance with her proposed jury instructions, that a finding that Fritz was more than fifty percent negligent would result in a general verdict being entered for Otis. Fritz argues that such an instruction is mandated by R.C. 2315.19(B), which reads in part:

"If contributory negligence * * * is asserted and established as an affirmative defense to a negligence claim, * * * the jury in a jury action shall return a general verdict accompanied by answers to interrogatories * * *[.]"

Fritz only filed a transcript of the court's jury instructions in this court. Within the instructions, we find the following:

"The attorneys and the court have mutually agreed that based upon your answers we will prepare an entry or a decision verdict form in this case."

Thus, the parties apparently agreed that the jury would determine only the amount of Fritz's damages and the percentage of negligence attributable to each party. It was to be left to the court to prepare a general verdict based on the jury's answers to the interrogatories. An instruction on how to prepare a general verdict, as Fritz requested, would have been necessary had this responsibility been left to the jury. However, because the parties agreed to let the court enter the general verdict, the previously requested instructions were unneeded.

Furthermore, Fritz waived any alleged error by not objecting to the court's failure to give the requested instruction. Civ. R. 51(A). We cannot tell from the limited record whether plaintiff's proposed instructions were submitted before or after the parties agreed to let the court enter the general verdict. We presume the proposed instructions were filed prior to the agreement — which would account for the lack of objection.

The assignment of error is overruled.

### Assignment of Error No. II

"The trial court erred in granting summary judgment in defendant's favor on Counts VII and VIII of plaintiff's complaint."

R.C. 2305.131 reads in relevant part:

"No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction. * * *"

Fritz argues that the trial court erred in finding that the elevator, installed by Otis more than ten years prior to her accident, was an improvement to real property as contemplated by R.C. 2305.131. We disagree.

In determining what constitutes an "improvement to real property" as the phrase is used in R.C. 2305.131, the courts have employed a "common-sense" interpretation. *Jones* v. *Ohio Bldg. Co.* (1982), 4 Ohio Misc. 2d 10, 4 OBR 329, 447 N.E. 2d 776; *Adair* v. *Koppers Co.* (C.A. 6, 1984), 741 F. 2d 111. In *Adair,* the plaintiff sustained injuries caused by a conveyor. In concluding that the conveyor constituted an improvement to real property, the court employed the following definition of "improvements":

"* * * '[A] permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.' * * * quoting Webster's Third International Dictionary (1965) * * *." *Id.* at 114.

In *Jones* the plaintiff alleged that he was injured while operating a ser-

vice elevator. The court cited the following definitions of "improvement" with approval:

"'A valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement of waste, costing labor or capital, and intending to enhance its value, beauty or utility or to adapt it for new or further purposes.' Black's Law Dictionary 682 (5 Ed. 1979).

"An improvement 'includes everything that permanently enhances the value of the premises for general uses.' 41 American Jurisprudence 2d 479, Improvements, Section 1; see, also, Webster's Third New International Dictionary 1138 (1971)." *Jones, supra,* at 12, 4 OBR at 332, 447 N.E. 2d at 779.

The *Jones* court also examined those cases from other jurisdictions which held that an elevator constitutes an improvement to real property. The court concluded that Ohio law would support a similar holding. We agree that an elevator does constitute an improvement to real property as that phrase is used in R.C. 2305.131.

Fritz argues that even if R.C. 2305.131 is the applicable statute of limitations, the service contracts under which Otis maintained the elevator from the time of its installation up until the date of her injury constituted an ongoing service bringing her products liability claims within the ten-year statute of limitations. We disagree. In its findings, the trial court correctly held that the service contracts on the elevator were optional, thus, separate and apart from the original installation of the elevator.

Finally, plaintiff argues that R.C. 2305.131 is unconstitutional. This issue has been previously raised and found to be without merit in the cases of *Elizabeth Gamble Deaconess Home Assn.* v. *Turner Constr. Co.* (1984), 14 Ohio App. 3d 281, 14 OBR 337, 470 N.E. 2d 950, and *Hartford Fire Ins. Co.* v. *Lawrence, Dykes, Goodenberger, Bower & Clancy* (C.A. 6, 1984), 740 F. 2d 1362.

The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and GEORGE, J., concur.