SETTE, Appellant,

v.

BENHAM, BLAIR & AFFILIATES et al., Appellees.

[Cite as *Sette v. Benham, Blair & Affiliates* (1991), 70 Ohio App.3d 651.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1148.

Decided Feb. 19, 1991.

*Butler, Cincione, DiCuccio & Dritz* and *Stanley B. Dritz,* for appellant.
*E. Bruce Hadden Co., L.P.A.,* and *E. Bruce Hadden,* for appellees.

McCORMAC, Judge.

Plaintiff-appellant, Edward V. Sette, appeals from the judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellee, Benham, Blair & Affiliates, for summary judgment on the basis that appellant's action was barred by the ten-year statute of repose governing improvements to real property.

On January 5, 1976, appellee entered into a contract with appellant's employer, Metal Container Corporation, to provide architectural and engineering services for the construction of a two-piece can plant to be located in Columbus. Appellee completed its services on the contract on or about March 1, 1978. At one point in the can manufacturing process, the cans are cleaned by a pressurized hot water system designed by appellee to supply hot water solely for that part of the process.

On August 13, 1986, appellant was injured when he attempted to remove a pump assembly from its housing. The pump was a component part of the pressurized system which allegedly malfunctioned, causing extremely hot water to spray appellant as he was removing the pump.

As a consequence of his injuries, appellant commenced this action against appellee seeking recovery on grounds of negligence, product liability, and breach of express and implied warranties. Appellee answered and ultimately filed a motion for summary judgment contending that appellant's action was time barred by R.C. 2305.131. The trial court granted appellee's motion.

Appellant appeals and raises the following assignments of error:

"I. The trial court erred in finding that the pressurized hot water system was an improvement to real property.

"II. The trial court erred in holding that Ohio Revised Code § [2305].131 barred plaintiff-appellant's cause of action that occurred within the ten years provided by statute."

In his first assignment of error, appellant contends that the trial court erred by applying R.C. 2305.131 to bar his claim. Appellant contends that the pressurized hot water system was not an improvement to real property and, thus, that R.C. 2305.131 does not apply.

R.C. 2305.131 is a statute of repose limiting to ten years from the date services were rendered in which an action may be brought against an architect or an engineer. R.C. 2305.131 provides:

"No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction. This limitation does not apply to actions against any person in actual possession and control as owner, tenant, or otherwise of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought."

The question presented by appellant's first assignment of error is whether the pressurized hot water system constitutes an "improvement to real property," as that phrase is used in R.C. 2305.131. In *Jones v. Ohio Bldg. Co.* (1982), 4 Ohio Misc.2d 10, 4 OBR 329, 447 N.E.2d 776, the Lucas County Court of Common Pleas determined that an elevator was an improvement to real property. The court rejected an invitation to apply fixture law to define the scope of improvement, concluding that an improvement to real property is broader in scope than a fixture. Instead, the court adopted a common-sense approach and cited the following dictionary definition as persuasive:

" 'A valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement of waste, costing labor or capital, and intending to enhance its value, beauty or utility or to adapt it for new or further purposes.' Black's Law Dictionary 682 (5 Ed.1979)." *Id.* at 12, 4 OBR at 332, 447 N.E.2d at 779.

■ *Jones* went on to review cases from other jurisdictions with similar laws to ascertain more specific criteria. The court found that a determination of the permanency of the system, whether the alleged improvement was an integral part of a larger system, and whether it enhanced the intended use of the property were all relevant to the ultimate conclusion.

Two years later, the Sixth Circuit Court of Appeals cited *Jones* with approval when it was confronted with R.C. 2305.131 in *Adair v. Koppers Co., Inc.* (C.A.6, 1984), 741 F.2d 111. After considering *Jones* and cases from other jurisdictions, *Adair* added the following test to be applied in conjunction with the *Jones* standard:

" * * * The test for an improvement is not whether an addition can be removed without damage to the land, but if it 'add[s] to the value of the realty, for the purposes for which it was intended to be used.' * * * " *Id.* at 115.

Finally, both *Jones* and *Adair* were analyzed by an Ohio Court of Appeals in *Fritz v. Otis Elevator Co.* (1988), 48 Ohio App.3d 240, 549 N.E.2d 205. The court in *Fritz* accepted the elements previously established, with little embellishment, and again concluded that an elevator was an improvement to real property.

■ Application of these principles to the hot water system at issue herein demonstrates that it too is an improvement to real property within the scope of R.C. 2305.131. Both parties admit in their respective affidavits that the can cleaning system was an integral component of the total production facility. The washing system was designed at the same time as, and as part of, the total plant. The plant was designed to produce cans and the washing system was essential to this purpose. Therefore, the system was more than an enhancement of the value of the property for its intended use but was a required part of the total plant. Its removal, if that is possible, would greatly reduce, if not destroy, the value of the plant for its intended use.

Appellant's first assignment of error is overruled.

■ Appellant secondly argues that R.C. 2305.131 is unconstitutional as applied since appellant was injured before the ten-year statute of repose had expired and had less than two years remaining prior to the expiration of the

ten-year period to file his claim as provided for under R.C. 2305.10, the statute of limitations for personal injuries.

As previously noted, the services provided by appellee on the plant from which appellant was injured were completed by March 1, 1978. Therefore, the ten-year statute of repose was set to expire on March 1, 1988. Appellant was injured on August 13, 1986, almost nineteen months before being barred by R.C. 2305.131.

The Supreme Court in *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 551 N.E.2d 938, held that R.C. 2305.131 is constitutional for actions arising after the running of the ten-year statute of repose. Appellant attempts to distinguish *Sedar* by pointing to *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 514 N.E.2d 709, wherein the Supreme Court held that medical malpractice victims who discover their injuries prior to the expiration of the four-year medical malpractice statute of repose but, who do not have the one-year remaining in which to file their claim as provided by R.C. 2305.11(B), have been unconstitutionally denied a remedy.

The basis underlying the Supreme Court's decision in *Gaines* was that the plaintiff had not been afforded a reasonable time in which to commence her action. She discovered her injuries six months before the statute of repose would work as a bar to her action. In so concluding, the court stated:

" * * * This court has held that a legislative enactment may lawfully shorten the period of time in which the remedy may be realized 'as long as the claimant is still afforded a reasonable time in which to enforce his right.' *Adams v. Sherk* (1983), 4 Ohio St.3d 37, 39, 4 OBR 82, 84, 446 N.E.2d 165, 167. A 'reasonable time' in which to bring a medical malpractice claim was defined in *Adams* as 'one year after the discovery of the malpractice.' * * * " *Id.*, 33 Ohio St.3d at 60, 514 N.E.2d at 715–716.

R.C. 2305.131 is a legislative enactment limiting the time in which a victim may bring an action. We need not reach appellant's argument that R.C. 2305.10 mandates two years, because it is our conclusion that appellant had a reasonable time to commence his action and, as such, the legislative enactment is constitutional as applied to the facts of this case even if, under some circumstances, an extension of time may apply to allow the filing of a claim for an injury occurring shortly before the ten-year period ended.

■ Appellant argues that R.C. 2305.10 conclusively establishes two years as a reasonable time. We do not agree. The legislature may shorten the period in which a claimant can bring his action so long as the time remaining is reasonable. *Adams v. Sherk* (1983), 4 Ohio St.3d 37, 4 OBR 82, 446 N.E.2d 165; *Gregory v. Flowers* (1972), 32 Ohio St.2d 48, 61 O.O.2d 295, 290 N.E.2d

181. We are not presented with a situation like *Gaines* where the victim had only six months to develop and file her action. In fact, R.C. 2305.11 permits only one year for a medical malpractice plaintiff to commence her action, which the Supreme Court ruled was a reasonable time. *Adams, supra.* Appellant had nineteen months to research and to file his claim. That was more than a reasonable length of time and, thus, the trial court did not err in applying R.C. 2305.131 to bar the claim.

Appellant's second assignment of error is overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and WHITESIDE, J., concur.