**Woodrow HALL, Plaintiff,**

v.

**HARNISCHFEGER CORP., aka Pawling & Harnischfeger, Defendant.**

No. 1:90CV1751.

United States District Court, N.D. Ohio, E.D.

Oct. 21, 1991.

James E. Behrens, Cleveland, Ohio, for plaintiff.

William P. Farrall, Reminger & Reminger, Cleveland, Ohio, for defendant.

### MEMORANDUM OF OPINION

MANOS, District Judge.

Plaintiff, Woodrow Hall, filed the above-captioned case against defendant, Harnischfeger Corp., alleging that he sustained injuries when his leg was crushed by a crane the defendant manufactured. He claims that the defendant is strictly liable because his injuries were proximately caused by the defective condition of the crane. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1332. On December 10, 1990, the defendant moved for summary judgment based on the assertion that Ohio Rev.Code Ann. § 2305.131 (Anderson 1991), the Ohio statute of repose, bars plaintiff's claim. For the following reasons, the motion is granted.

### I.

The case is submitted on agreed facts. In 1926, the defendant, Harnischfeger, manufactured and sold a Top Riding, Bridge Type, Cab Operated, Overhead Crane to the Owen Bucket Company. After delivery, the defendant had no further involvement with the crane. Since the original installation, the crane has been used for moving steel. It is now owned by Techniweld, Inc. and is used in manufacturing.

On August 30, 1988, Hall, an employee of Techniweld, was washing windows above the Crane. Unaware of Hall's position, another Techniweld employee began to operate the crane and crushed Hall's leg between it and the adjacent wall, causing him severe injuries. Hall claims that the crane was defectively designed or manufac-

tured because it was not equipped with a warning system.

## II.

The issue is whether the Ohio statute of repose bars Hall's action against the defendant. The statute provides in part:

No action to recover damages ... for bodily injury ... arising out of the defective and unsafe condition of an improvement to real property ... shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction.

Ohio Rev.Code Ann. § 2305.131 (Anderson 1991).

Defendant argues that summary judgment should be granted because the crane is "an improvement to real property" within the meaning of the statute. Hall asserts that his claim is not barred because the defendant, being a "materialman," is exempt from the statute of repose.

Summary judgment is appropriate when "the pleadings, ... answers to interrogatories, ... and affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c).

This court will consider two issues: whether the crane is an "improvement to real property" covered by the Ohio statute of repose and whether the defendant is a "materialman" to whom the statute would not apply.

## III.

The Ohio statute of repose does not define an "improvement to real property." Courts which have addressed this issue have applied a common sense interpretation to decide whether an item is an "improvement" or a mere repair. *Adair v. Koppers*

*Co., Inc.*, 741 F.2d 111, 114 (6th Cir.1984). The Sixth Circuit Court of Appeals held that in making this determination, courts should consider whether the item enhances the value of the property, the relationship between it and the property, and its permanence. *Id.*, at 114.[1]

In *Adair*, the court held that a coal conveyor was an improvement to real property within the meaning of the Ohio statute of repose because it was an "essential component in a larger system." *Id.* at 114. In *Miller v. Consolidated Aluminum Corp.*, 729 F.Supp. 1154 (S.D.Ohio 1990), the federal district court, relying on the standard set out in *Adair*, found a Harnischfeger crane to be an "improvement to real property." *Id.*

The submitted facts demonstrate that this Harnischfeger crane meets the *Adair* standard as did the one in *Miller*. Since 1926, Techniweld and its predecessors used the crane to move steel within its plant. It was designed and built specifically to fit inside the plant and moves on rails which are permanently attached to the walls of the building. (Toth Aff. at 1 and attached photograph). On these undisputed facts, the court finds that the crane is permanently annexed to the realty and enhances its value. It is, therefore, an "improvement to real property" as defined by the Ohio statute of repose.

## IV.

Hall asserts that even if the crane is an improvement to real property, the motion should be denied because the defendant is a "materialman," and is therefore exempt from the Ohio statute of repose. To support this argument, Hall relies on the Ohio Supreme Court's most recent interpretation of the statute in *Sedar v. Knowlton Const. Co.*, 49 Ohio St.3d 193, 551 N.E.2d 938 (1990).

The *Sedar* court clarified which persons are protected by the Ohio statute of repose. The statute expressly applies to persons who design, plan, construct, or supervise

---

**1.** The Ohio courts have adopted this definition of "an improvement to real property" articulated by the Sixth Circuit Court of Appeals. *See,*

*e.g., Fritz v. Otis Elevator Co.,* 48 Ohio App.3d 240, 549 N.E.2d 205 (1988).

the construction of improvements to real property, but does not apply to a person in actual possession of the property. Ohio Rev.Code Ann. § 2305.131 (Anderson 1991). The *Sedar* court held that this language impliedly exempts materialmen.[2] *Sedar*, 551 N.E.2d at 942. Therefore, one who "supplies materials, rather than services to be used in the construction of an improvement to real property, [is exempt] as he may be liable for damages caused by defects in the materials." *Id.* at 942. The rationale for exempting materialmen is that:

> Suppliers and manufacturers, who typically supply and produce components in large quantities, make standard goods and develop standard processes. They can thus maintain high quality control standards in the controlled environment of the factory. On the other hand, the architect or contractor can pre-test and standardize construction designs and plans only in a limited fashion. In addition, the inspection, supervision, and observation of construction by architects and contractors involv[e] individual expertise not susceptible of the quality control standards of the factory.

*Id.* at 948 (quoting *Burmaster v. Gravity Drainage Dist.No. 2*, 366 So.2d 1381, 1385 (La.1978)).

The exemption for materialmen does not extend to all manufacturers. While *Sedar* precludes application of the statute to manufacturers of standardized products, it upholds that statute's limitation of liability for those who manufacture products which are individually designed to suit specific applications. This distinction comports with the language of the statute which expressly protects those who design and construct improvements to real property. *Miller v. Consolidated Aluminum Corp.*, 729 F.Supp. 1154, 1160 (S.D.Ohio 1990).

Defendant alleges that each overhead crane it manufactures is unique, and the crane owned by Techniweld was specifically designed for the site at which it is used.

Hall presented no evidence to the contrary. Therefore, this court finds that the defendant's crane is not a standardized product, but was uniquely designed for this particular plant. For this reason, the defendant cannot be considered a "materialman" and is therefore protected by the Ohio statute of repose.

### V.

Because Hall brought this claim more than ten years after the defendant had any contact with the crane, the Ohio statute of repose bars the action. Accordingly, the motion for summary judgment is granted.

IT IS SO ORDERED.

---

**2.** In *Sedar,* the plaintiff argued that exempting materialmen and those in possession of the property violated equal protection. *Sedar v. Knowlton Const. Co.,* 551 N.E.2d 938 (Ohio 1990). The Ohio Supreme Court held that this classification does not violate the right to equal protection guaranteed by the Ohio and United States Constitutions.