STEWART et al., Appellants,

v.

HAUGHTON ELEVATOR COMPANY, d.b.a. Schindler
Elevator Company, et al., Appellees.

[Cite as *Stewart v. Haughton Elevator Co.* (1993), 87 Ohio App.3d 122.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–76.

Decided July 8, 1993.

*Matan & Smith* and *James D. Colner,* for appellants.

*Porter, Wright, Morris & Arthur, Mason Evans* and *Lisa Eschleman,* for appellees.

---

KERNS, Judge.

The plaintiffs, Michael C. and Patricia Stewart, commenced this action in the Court of Common Pleas of Franklin County claiming damages for injuries sustained by Mr. Stewart at Ohio State University Hospital when he was a passenger on an elevator designed, manufactured and installed by the defendants, Haughton Elevator Company et al., which was alleged to have been malfunctioning at the time of the accident.

Subsequently, the defendants filed a motion for the dismissal of the action or for a summary judgment claiming that the cause was time-barred by R.C.

2305.131, and the sustaining of such motion by the trial court provides the basis for the present appeal to this court.

In the appeal, the appellants have set forth two assignments of error, the second of which has been stated as follows:

"II.  The trial court erred in ruling that defendant-appellee is a 'contractor' as defined by the case law interpreting O.R.C. § 2305.131."

In this regard, the applicable statute provides, in pertinent part, that:

"No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction.   * * *"

In its decision, the trial court concluded from the evidence that the defendants were "contractors," as distinguished from "materialmen," in determining that R.C. 2305.131 was applicable to these proceedings, and nothing appears in the record to refute this determination of the common pleas court.  However, the basic and controlling issue presented was essentially one of statutory construction, and the particular question raised was whether an elevator constituted "an improvement to real property" within the contemplation of the applicable statute.

In *Jones 'v. Ohio Bldg. Co.* (1982), 4 Ohio Misc.2d 10, 4 OBR 329, 447 N.E.2d 776, the court dwelled at some length upon a similar query, citing both text and case authority, before deciding that "[t]he construction and installation of a service elevator constitutes an 'improvement to real property' within the meaning of R.C. 2305.131."  *Id.* at paragraph two of the syllabus.  Likewise, in *Fritz v. Otis Elevator Co.* (1988), 48 Ohio App.3d 240, 549 N.E.2d 205, the court followed a similar pattern before concluding that an elevator was an improvement to real property as that phrase is used in R.C. 2305.131.

As we see it, the argument of the plaintiffs that the defendants were "materialmen" has no sound basis in common understanding and no support from the record in this case, and it otherwise appearing that the elevator was an improvement to real property, the second assignment of error is overruled.

Reverting then to the first assignment of error, which poses a nicer problem, the plaintiffs argue as follows:

"I. The trial court erred in ruling that O.R.C. § 2305.131 is constitutional when applied to a products liability action that accrued nine years and seven months after an elevator was manufactured and installed."

According to the facts, Michael Stewart was injured on December 6, 1988, and filed a complaint in the common pleas court on November 29, 1990, thus tolling the two-year time limitation imposed by R.C. 2305.10 for personal injury actions.

However, the facts show further that the elevator was installed by Haughton on April 16, 1979, or approximately nine years and seven months before Stewart sustained his injuries, but over ten years prior to the filing of the complaint in this action. Thus, the issue which surfaces is whether the ten-year statute of repose was fatal to the cause of action.

In *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 551 N.E.2d 938, the Supreme Court upheld the constitutionality of R.C. 2305.131 in its application to a cause of action which accrued after the expiration of the ten-year period of repose, but the court specifically noted therein that its conclusion did not cover a situation where the plaintiffs were denied a reasonable time in which to pursue their cause of action. More applicable here, in our opinion, is *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 514 N.E.2d 709, which varies factually to some extent, but bears many legal characteristics similar to those of the present case.

In *Gaines*, the plaintiffs had one year to file a medical malpractice action, but they were otherwise limited to six and one-half months to file the action by a separate four-year statute of repose. In declaring the four-year statute unconstitutional in its application to the plaintiffs in the *Gaines* case, the Supreme Court determined, among other things, that the statute of repose violated Section 16, Article I, of the Ohio Constitution, by unreasonably limiting the time in which the plaintiffs could pursue their vested legal right to a remedy. Then, the court proceeded in the *Gaines* case to apply the one-year statute of limitations.

Likewise, in the present case, the plaintiffs were stripped of their legal rights, and victimized in a constitutional sense, by nothing more than the "fortuity of timing," and the Stewarts had a right, therefore, to turn to the two-year statute of limitations which the legislature, in its quest for reasonableness, has established for personal injury actions.

In *Sette v. Benham, Blair & Affiliates* (1991), 70 Ohio App.3d 651, 591 N.E.2d 871, this court recognized that a statute of repose (R.C. 2305.131) may shorten the period in which a claimant can bring an action for personal injuries (R.C. 2305.10), but the court also pointed out with considerable clarity that the limitations imposed by the statute of repose must be meaningful and reasonable. See, also, *Adams v. Sherk* (1983), 4 Ohio St.3d 37, 4 OBR 82, 446 N.E.2d 165.

Here, the injury occurred, and the attending rights accrued, only five months before the ten-year period expired, and for this reason, we are of the opinion that R.C. 2305.131 is unconstitutional in its application to the particular cause of action alleged herein. Accordingly, the first assignment of error must be sustained.

Hence, the first assignment of error is sustained, the second assignment of error is overruled, and the judgment of the trial court is reversed and the cause is remanded to the common pleas court for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

TYACK, J., concurs.

WHITESIDE, J., dissents.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

WHITESIDE, Judge, dissenting.

Although I concur in the overruling of the second assignment of error, as to the first assignment of error, being unable to concur in the conclusions reached by the majority I must respectfully dissent. R.C. 2305.131 is not unconstitutional as applied to the facts of this case and there is an issue at least in part factual not addressed by the majority. There is a dispute as to whether the injury occurred nineteen months (as contended by defendants) or seven months (as contended by plaintiffs) prior to the expiration of the repose period.

Regardless of which is correct, R.C. 2305.131 is not unconstitutional as applied to the facts of this case. R.C. 2305.131 was found to be constitutional in *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 551 N.E.2d 938. We are bound by that holding of the Supreme Court. The majority relies upon a medical malpractice case, *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 514 N.E.2d 709, upon which to predicate its finding of unconstitutionality as applied to this case. However, the Supreme Court in *Sedar* rejected application of *Gaines* because of dissimilarity in the statutes and circumstances, stating 49 Ohio St.3d at 197, 551 N.E.2d at 942:

"Finally, unlike the four-year statute of repose for medical malpractice actions, R.C. 2305.11(B), which begins to run from the date of malpractice (the date of 'the act or omission constituting the alleged basis of the * * * claim'), the ten-year response period of R.C. 2305.131 begins to run upon the completion of performance of the construction-related services. * * *" (Footnote omitted.)

The Supreme Court commented further at 201, 551 N.E.2d at 946:

" * * * [T]he situation presented in the medical malpractice cases * * * is clearly distinguishable from the situation presented by the operation of R.C. 2305.131. Operation of the medical malpractice repose statute takes away an existing, actionable negligence claim before the injured person discovers it. * * * "

The court did go on to state at 201–202, 551 N.E.2d at 946:

" * * * Thus injury occurring more than ten years after the negligent act allegedly responsible for the harm, forms no basis for recovering. * * * "

Thus, *Sedar* may not be dispositive as to injuries occurring before expiration of the statute of repose as we recognized in *Sette v. Benham, Blair & Affiliates* (1991), 70 Ohio App.3d 651, 591 N.E.2d 871, finding that in any event R.C. 2305.131 is not unconstitutional as applied to an injury which occurred nineteen months prior to expiration of the period of repose. Here, at least seven months remained of the ten-year repose period when plaintiff was injured. While short, such period is not *per se* so unreasonable as to render the statute unconstitutional. Furthermore, even if it were, only a reasonable time (not two years) would be afforded plaintiff. In *Sette,* we found nineteen months to be a reasonable time and even a shorter period could be factually found to be reasonable. Plaintiffs did not bring this action within a reasonable time but, instead, apparently relied upon a two-year statute of limitations.

Plaintiff was injured on December 6, 1988, but did not commence his first action until November 29, 1990, only six days less than a full two years after the injury. Only by application of the two-year limitation of R.C. 2305.10 could the action be found to be filed within a reasonable time. In *Sette,* we rejected a claim that R.C. 2305.10 should be applied in determining whether an action is brought within a reasonable time for purposes of application of R.C. 2305.131. At the very least, what constitutes a reasonable time constitutes an issue of fact not yet determined by the trial court. However, filing six days short of two years is beyond the limits of a reasonable time since in *Sette* we found a remaining period of nineteen months to constitute a reasonable time available for filing.

Defendant argues that the contract services and construction were not complete until the one-year warranty and maintenance period set forth in the construction contract. In *Fritz v. Otis Elevator Co.* (1988), 48 Ohio App.3d 240, 549 N.E.2d 205, the Ninth District Court of Appeals rejected a contention that a service contract extended the repose period of R.C. 2305.131. However, at 242, 549 N.E.2d at 208, the court noted:

" * * * In its findings, the trial court correctly held that the service contracts on the elevator were optional, thus, separate and apart from the original installation of the elevator."

Here, there was no service contract but, rather, the one-year guarantee and maintenance requirements were an integral part of the construction contract. Under such circumstances, the contractor should not be afforded the benefit of R.C. 2305.131 until the expiration of the prescribed one-year of continuing responsibility of the contractor. Otherwise, the contractor would enjoy repose under R.C. 2305.131 only nine years after completing all required performance under the construction contract. This is especially true where, as here, the contract expressly provides that the performance bond shall remain effective during the one-year guarantee period.

Accordingly, I would affirm the well-reasoned decision and judgment of the trial court.