CYRUS, Appellant,

v.

HENES; Westinghouse Electric Corporation, Appellee.

[Cite as *Cyrus v. Henes* (1993), 89 Ohio App.3d 172.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005527.

Decided Aug. 18, 1993.

*Thomas Mester,* for appellant.

*Gary D. Hermann,* for Mary Henes.

*Kenneth Bauman* and *Wayne Ogne,* for appellee Westinghouse Electric Corp.

REECE, Judge.

On February 6, 1989, plaintiff-appellant, Edward Cyrus, was seriously injured at the He's Not Here Bar in Lorain, Ohio. On that day, the bar's owner, Mary Henes, asked Cyrus to assist her in lighting the pilot of the bar's furnace. While reaching into the combustion chamber to light the pilot, Cyrus told Henes to turn on the gas valve. In doing so, the main burner of the furnace ignited, burning the upper portion of Cyrus' body.

It is undisputed that the furnace was originally designed to burn coal. By affidavit, the previous owner of the property testified that sometime between 1954 and 1956, a conversion unit was installed to allow the furnace to burn natural gas. This conversion gas burner, model Z–200, was manufactured in the 1950s by the Henry Furnace Company, a subsidiary of C.A. Olsen Manufacturing Company, also known as Luxaire, Inc., which is a subsidiary of Westinghouse Electric Corp. (hereinafter referred to collectively as "Westinghouse").

Cyrus commenced this lawsuit on February 5, 1991, against numerous defendants, including Henes, East Ohio Gas Company and Westinghouse. All but Westinghouse have been voluntarily dismissed. On April 9, 1992, Westinghouse moved for summary judgment contending that Cyrus' action was barred by the statute of repose under R.C. 2305.131. The trial court agreed, granting summary judgment in favor of Westinghouse on October 6, 1992. It is from this judgment that Cyrus appeals, asserting a single assignment of error with four subparts:

"The trial court erred in granting defendant-appellees['], the Westinghouse defendants', motion for summary judgment.

"(A) The existence of genuine issues of material fact precludes the granting of summary judgment in this case.

"(B) Ohio Revised Code Section 2305.131 does not apply to materialmen who do not perform construction services or install an improvement to real property.

"(C) Genuine issues of material fact exist as to the nature of the conversion.

"(D) Ohio Revised Code Section 2305.131 is unconstitutional."

The central issue in this case is whether the statute of repose found in R.C. 2305.131 applies to the gas conversion unit designed, manufactured and sold by Westinghouse. R.C. 2305.131 provides that:

"No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction. * * * "

Unlike other statutes of limitation, the ten-year repose period of R.C. 2305.131 begins to run, not upon the accrual of the cause of action, but from the completion of the "improvement" to real property. *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 197, 551 N.E.2d 938, 942. As originally enacted (130 Ohio Laws 648, effective Sept. 10, 1963), R.C. 2305.131 was limited to architects and engineers. As amended in 1971, the General Assembly broadened the scope of the statute to include "any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property." Accordingly, the only question is whether the gas conversion unit manufactured and sold by Westinghouse is "an improvement to real property" within the meaning of the statute. If it is, then Westinghouse, as the designer and manufacturer of the conversion unit, falls within the class of persons to whom the statute now applies.

Cyrus first contends that whether the gas conversion unit is an improvement is a genuine factual issue for trial. Therefore, summary judgment was improper. Civ.R. 56(C).

The application of a statute of limitations presents a mixed question of law and fact. Determination of when a plaintiff's cause of action accrues is to be decided by the factfinder. But, in the absence of such factual issues, the application of the limitation is a question of law. See 51 American Jurisprudence 2d (1970) 943, Limitation of Actions, Section 488. · In the present case, there is no factual issue in dispute. If applicable, the statute of repose began to run when the gas conversion unit was installed, which is not later than 1956. Cyrus' cause of action accrued on February 6, 1989, the date of his injuries. The only issue before the trial court, which is the same issue confronting us now, is whether the gas conversion unit was an "improvement to real property" within the meaning of R.C. 2305.131. This is purely a legal question to be resolved by the courts.

In defining "improvements to real property," most courts, including this one, have applied a common-sense interpretation rather than confining the term to principles of fixture law. *Fritz v. Otis Elevator Co.* (1988), 48 Ohio App.3d 240, 241, 549 N.E.2d 205, 207; *Jones v. Ohio Bldg. Co.* (1982), 4 Ohio Misc.2d 10, 12, 4 OBR 329, 331–332, 447 N.E.2d 776, 778. This approach comports with R.C. 1.42, requiring that the words of a statute be "construed according to the rules of grammar and common usage." *Adair v. Koppers Co.* (C.A.6, 1984), 741 F.2d 111, 113. An "improvement" has thus been defined as:

"A valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intending to enhance its value, beauty or utility or to adapt it for new or further purposes." Black's Law Dictionary (5 Ed.1979) 682. See, also, 41 American Jurisprudence 2d (1968) 479, Improvements, Section 1.

■ From the courts that have adopted this "common sense" approach, we find three factors most commonly used in determining whether an addition to real property constitutes an improvement: first, the permanency of the addition; second, whether the addition adds to the value of the property; third, whether the addition enhances the intended use of the property. See, generally, *Adair*, 741 F.2d at 114; *Jones*, 4 Ohio Misc.2d at 12, 4 OBR at 331–332, 447 N.E.2d at 778. While there may be other considerations, these three factors are the ones most frequently relied upon.

■ Applying these factors to the present case, we find the gas conversion unit was an "improvement" within the meaning of R.C. 2305.131. This unit, installed almost thirty years ago, was intended to be permanent. Permanence does not imply that the addition will never be removed or replaced. Every conceivable addition to property will, with time, require repairs or replacement. Rather, the permanence of an addition is measured by its integration into the property and whether such integration is intended to be a lasting one.

As to the other two factors, we find that the gas conversion unit both added value to the property and enhanced the property's intended use. Given the climate of northern Ohio, common sense dictates this result. While Cyrus argues that a furnace does not enhance the purpose of the bar (*i.e.*, selling of alcohol), we find this argument unpersuasive. Throughout much of the year, few, if any, patrons could be expected to remain in an unheated building. At least one other court, construing a similar statute of repose, has held that a furnace is an improvement to real property. *Pacific Indemn. Co. v. Thompson-Yeager, Inc.* (Minn.1977), 260 N.W.2d 548. Cyrus argues that this particular gas conversion unit was not a necessary addition to the property, asserting that the bar could be heated by various other sources. Although this is true, it is the Westinghouse

gas conversion unit which was installed on the property and is being examined in this case.

Finally, Cyrus contends that R.C. 2305.131 is unconstitutional, because, as applied in this case, it denies his right of due process in seeking a remedy for his damages. This same issue was presented to the Ohio Supreme Court in *Sedar, supra.* There the court pointed out that the purpose of R.C. 2305.131 is to shift liability, after an appropriate time, away from the designers and builders of improvements to real property and to the owners and occupiers. *Sedar*, 49 Ohio St.3d at 199–205, 551 N.E.2d at 944–949. Thus, the court found no constitutional infirmity with the statute. See, also, *Sette v. Benham, Blair & Affiliates* (1991), 70 Ohio App.3d 651, 591 N.E.2d 871.

Accordingly, Cyrus' assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Cook, P.J., and Quillin, J., concur.