

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT R. DAUGHERTY

   Plaintiff

   v.

OHIO DEPARTMENT OF TRANSPORTATION

   Defendant

Case No. 2012-04031-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


## FINDINGS OF FACT

{¶1}   1)   On May 17, 2012, plaintiff, Robert R. Daugherty, filed a complaint against defendant, Ohio Department of Transportation ("ODOT"). Plaintiff asserts a construction project authorized by defendant and performed by Shelly Company ("Shelly"), caused damage to his property located at "3947 SR 44." Plaintiff contended when defendant's agent Shelly replaced a 12" clay pipe with a 15" concrete pipe and catch basin, "the contractor never connected my line in." Due to his disconnect, which "has been a problem for years. Pumps burn up, tanks fill up and it has been a health hazard." Plaintiff related it was not until he contacted his contractor, Clem Excavating, that it was discovered that his pipe was not installed onto ODOT's system. Plaintiff asserts this discovery was made on April 28, 2012 at approximately 9:00 a.m.

{¶2}   2)   Plaintiff seeks damages in the amount of $2,390.00, of which $290.00 represents costs incurred with Fred Septic to pump the tanks out on April 20,

2012 and $2,100.00 represents costs incurred with Clem Excavating to install a catch basin, drain line and new lift pump due to defendant's negligence with respect to the construction project in question.

{¶3} 3)     Defendant's investigation revealed "that the work in question was part of Construction Project #253(2007)-POR-SR44-0.00, which involved the replacement of four (4) culverts, planning and resurfacing the roadway, upgrading of guardrail end terminals, full and partial depth repairs of the roadway and pavement striping on eight (8) miles of SR 44 beginning at the Stark County Line.  Addendum 1 added 495 lineal feet of 15" Conduit Type C, 706.02 and four (4) No. 2-2 B Catch Basins on plan pages 21A/41, 21B/41, 21C/41, 21D/41.  Change Order 1 added another 253 lineal feet to the north to satisfy the intent of Addendum 1.  The total length of the pipe run was 748 lineal feet.  The reason for the drainage upgrade was to replace outdated existing twelve (12) and six (6) inch clay/steel drainage pipes on the west side of SR 44 between Karry Drive and Tallmadge Road in Rootstown Township which were a maintenance problem due to plugging.  The pipe work was performed between the dates of September 10, 2007 and September 25, 2007.  The pipe run crossed a total of nine driveways including the claimant's.  Four (4) catch basins were installed with the distance between catch basins as shown on the referenced plan pages being 117', 77', 177' and 253' respectively. (Exhibit A)  District 4 Planning and Engineering provided the design criteria, i.e. spacing between the catch basins.  The Ohio Department of Transportation contracted with Shelly Company to complete this construction project."

{¶4}  Accordingly, defendant asserted that Shelly is the proper party to sue in this situation.

{¶5} 4) Furthermore, "[d]epartment of Transportation's investigation reveals that neither ODOT nor Shelly Company had notice of the pipe at the 3947 residence, and therefore it was not attached. If encountered, the existing private drains were connected either to a catch basin (if in close proximity) or directly into the new conduit. Project personnel provided comments that to the best of their knowledge while installing the 748 lineal feet of conduit, septic outfalls were encountered at some of the other properties and were connected to the new system. However, no private drains were encountered/discovered at the 3947 residence including a pipe, any smell or moisture. The project inspector also made the comment the residence seemed to be vacant at the time the work was being performed."

{¶6} 5) Finally, defendant contended that plaintiff's claim is barred pursuant to R.C. 2743.16(A), the two year statute of limitations. Defendant related that the construction project 253 (2007) was performed between September 10, 2007 and September 25, 2007. Therefore, plaintiff had two years from the later date to file his complaint, however, plaintiff did not file the complaint until May 17, 2012, two years and nine months after the statute of limitations had run.

{¶7} 6) Plaintiff filed a response to defendant's investigation report. Plaintiff contended that his pipe was originally connected to the 12" street pipe. He can not believe that either defendant or Shelly could not locate his pipe since it had been cut from the former 12" street pipe prior to the installation of the 15" street pipe.

{¶8} 7) With respect to the issue of the statute of limitations, plaintiff stated in pertinent part:

{¶9} "They also stated that the house was vacant, which it was not and I cannot

understand how that would be relevant.  I was renovating and there was activity.  The sanitation system was being used, but not to capacity.  The renovation was completed and fully occupied in 2009.  That is when the problems started and that is within the statute of limitations referred to in their response.

{¶10}  "In 2009, the drainage problems started showing up when the system was at full capacity. . . I have attached invoices of the work done to correct the problems before realizing the disconnected pipe.  I am not seeking reimbursement for these, but showing when the problems started.  The one thing that CF Clem and I never questioned was if the pipe was attached at the street."

{¶11}  8)      Plaintiff submitted photographs depicting the location  where his pipe had not been connected to the 15" street pipe.

CONCLUSIONS OF LAW

{¶12}  1)      R.C. 2743.16(A) in pertinent part states:

{¶13}  ". . . civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

{¶14}  2)      Defendant asserted that since the plaintiff's claim was barred pursuant to R.C. 2743.16(A), he has failed to state a cause of action pursuant to Civ.R. 12(B)(6) and his claim should be dismissed.

{¶15}  3)      The Ohio Supreme Court has noted the necessity of construing, under Civ.R. 12(B)(6), all inferences in the plaintiff's favor.  *See Wampler v. Higgins*, 93 Ohio St. 3d 111, 2001-Ohio-1293, 75 N.E. 2d 962, citing *Vail v. Plain Dealer Publishing*

*Co.*, 72 Ohio St. 3d 279, 1995-Ohio-187, 649 N.E. 2d 182.  When reviewing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court is required to view all of the allegations of the complaint as true.  *Butler v. Cuyahoga Cty. Dept. of Human Serv.*, 92 Ohio St. 3d 354, 2001-Ohio-204, 750 N.E. 2d 554.  See, also, *Taylor v. London*, 88 Ohio St. 3d 137, 2000-Ohio-278, 723 N.E. 2d 1089, which states that it is clear, as a matter of law, that the allegations of appellant's complaint must be accepted as true.  See, also, *Mitchell v. Lawson Milk Co.,* 40 Ohio St. 3d 190, 532 N.E. 2d 753 (1988).  Further, in *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St. 2d 242, 327 N.E. 2d 242 (1975), the Ohio Supreme Court found that it must appear beyond doubt from the complaint that plaintiff can prove no set of facts entitling him to recovery.  The plaintiff must be afforded all reasonable inferences possibly derived from the allegations in the complaint.  *Desenco, Inc. v. Akron*, 84 Ohio St. 3d 535, 706 N.E. 2d 323 (1999).

{¶16}  4)     The date of accrual of the cause of action is an issue of fact, and the application of the statute of limitations to the factual determination is an issue of law.  *See Cyrus v. Henes,* 89 Ohio App. 3d 172, 175, 623 N.E. 2d 1256 (9th Dist. 1993), reversed on other grounds, 70 Ohio St. 3d 640, 1994-Ohio-185, 640 N.E. 2d 810.  Thus, the issue of law can not be addressed until a factual determination regarding the date of the cause of action accrued is made.  Plaintiff asserted that he discovered his sewage pipe was not connected to defendant's 15" pipe on April 28, 2012.  Accordingly, plaintiff's complaint was timely filed.

{¶17}  5)     For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy*

*Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.,* 15 Ohio St. 3d 75, 77, 472 N.E. 2d 707 (1984).  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University*, 76-0368-AD (1977).  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.*, 145 Ohio St. 198, 61 N.E. 2d 198 (1945), approved and followed.  Plaintiff claimed his damage event was proximately caused by a failure to connect his sewage line to the main line on SR 44.  As a necessary element of this type of claim, plaintiff was required to prove proximate cause of his damage by a preponderance of the evidence.  See e.g. *Stinson v. England*, 69 Ohio St. 3d 451, 1994-Ohio-35, 633 N.E. 2d 532.  This court, as trier of fact, determines questions of proximate causation.  *Shinaver v. Szymanski*, 14 Ohio St. 3d 51, 471 N.E. 2d 477 (1984).

{¶18}  6)     "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone."  *Cascone v. Herb Kay Co.*, 6 Ohio St. 3d 155, 160, 451 N.E. 2d 815 (1983), quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.*, 122 Ohio St. 302, 309, 171 N.E. 327 (1930).  In

the instant claim, the proximate cause of plaintiff's damage was defendant's failure to connect plaintiff's sewer line to the main line on State Route 44.

{¶19} 7)      Defendant has the duty to maintain its highway construction in a reasonably safe condition for the motoring public.  *Knickel v. Ohio Department of Transportation*, 49 Ohio App. 2d 335, 361 N.E. 2d 486 (10th Dist. 1976).  However, defendant is not an insurer of the safety of its construction zone.  See *Kniskern v. Township of Somerford*, 112 Ohio App. 3d 189, 678 N.E. 2d 273 (10th Dist. 1996); *Rhodus v. Ohio Dept. of Transp.*, 67 Ohio App. 3d 723, 588 N.E. 2d 864 (10th Dist. 1990).  The duty of ODOT to maintain the construction site is not delegable to an independent contractor involved in roadway construction.  ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151.  Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work.  See *Roadway Express, Inc. v. Ohio Dept. of Transp.*, 10th Dist. No. 00AP-119 (June 28, 2001).

{¶20} 8)      The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass*, 10 Ohio St. 2d 230, 227 N.E. 2d 212 (1967), paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill*, 176 Ohio St. 61, 197 N.E. 2d 548 (1964).  The court finds that the plaintiff's statements concerning the disconnected pipe are credible.

{¶21} 9)     Defendant argued that neither itself or Shelly can be held liable since "they did not detect the pipe in (plaintiff's) yard during the construction project." However, the plaintiff's evidence revealed that his sewer pipe had been cut at approximately a 45 degree angle and was located in close proximity to defendant's 15" pipe on April 28, 2012 when his contractor dug up the area.  Furthermore, proof of notice of a dangerous condition is not necessary when defendant's own agents cause such condition.  *Bello v. City of Cleveland*, 106 Ohio St. 94, 138 N.E. 526 (1992), at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation*, 94-13861 (1996).  Evidence indicates defendant's negligence caused the damage claimed.

{¶22} 10)     Damage assessment is a matter within the function of the trier of fact.  *Litchfield v. Morris*, 25 Ohio App. 3d 42, 495 N.E. 2d 462 (10th Dist. 1985). Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio*, 102 Ohio App. 3d 782, 658 N.E. 2d 31 (12th Dist. 1995).  Plaintiff has suffered damages in the amount of $2,390.00, plus the $25.00 filing fee, which may be reimbursed as compensable costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction*, 62 Ohio Misc. 2d 19, 587 N.E. 2d 990 (Ct. of Cl. No. 1990).

[Cite as *Daugherty v. Ohio Dept. of Transp.*, 2013-Ohio-5918.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT R. DAUGHERTY

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2012-04031-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $2,415.00, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Robert R. Daugherty                     Jerry Wray, Director

3312 State Route 44                    Department of Transportation
Rootstown, Ohio  44272                 1980 West Broad Street
                                       Columbus, Ohio  43223

DRB/laa
Filed 1/30/13
sent to S.C. Reporter 1/27/14