**DREHER, Appellant,**

**v.**

**WILLARD CONSTRUCTION COMPANY, Appellee.**

[Cite as *Dreher v. Willard Constr. Co.* (1994), 93 Ohio App.3d 443.]

Court of Appeals of Ohio,
Lorain County.

No. 93CA005595.

Decided April 13, 1994.

444

*Sunny Simon,* for appellant.

*John Gannon* and *Russell McLaughlin,* for appellee.

DICKINSON, Judge.

Plaintiff Bonnie A. Dreher has appealed from a judgment of the Lorain County Court of Common Pleas dismissing her action against defendant Willard Construction Company for failure to state a claim upon which relief could be granted. She has argued that the trial court incorrectly concluded that her claim for property damage was barred by either the four-year statute of limitations set forth in R.C. 2305.09 or the two-year statute of limitations set forth in R.C. 2305.10. According to plaintiff, only the statute of repose set forth in R.C. 2305.131 was applicable to her action and she instituted that action within the ten-year period found in that section. This court affirms the judgment of the trial court because, assuming *arguendo* that the statute of repose found in R.C. 2305.131 was applicable to plaintiff's claim, either the statute of limitations found in R.C. 2305.09 or the statute of limitations found in R.C. 2305.10 was also applicable and her complaint was not filed within the times provided by those statutes of limitations.

## I

Plaintiff filed her complaint in this case on November 19, 1992. In that complaint, she averred that defendant had engaged in the construction of sanitary sewers at plaintiff's residence beginning during 1987. She further averred that she sustained property damage on or about May 18, 1987, "from water backing up through storm sewers and into her residence without any prior warning." She demanded judgment against defendant in the amount of $6,000.

Defendant moved to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted. It argued that, to the extent plaintiff had averred a cause of action for damages to real property, that claim was barred by the four-year statute of limitations set forth in R.C. 2305.09. It further argued that, to the extent plaintiff had set forth a claim for tortious damage to personal property, that claim was barred by the two-year statute of limitations set forth in R.C. 2305.10.

Plaintiff argued that neither R.C. 2305.09 nor R.C. 2305.10 was applicable to her claim. Rather, she asserted that she had set forth a claim to recover damages to real or personal property "arising out of the defective and unsafe condition of an improvement to real property" within the meaning of R.C. 2305.131, that only that statute was applicable to her claim, and that her complaint was timely filed pursuant to it.

On March 23, 1993, the trial court granted defendant's motion to dismiss. Plaintiff thereafter appealed to this court.

## II

R.C. 2305.131 provides that certain claims based upon alleged defects in an improvement to real property must be brought within ten years following completion of the improvement:

"No action to recover damages for any injury to property, real or personal, * * * arising out of the defective and unsafe condition of an improvement to real property, * * * shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction."

R.C. 2305.131 is a statute of repose and begins to run upon the completion of services and construction related to an improvement. As explained by the Ohio Supreme Court in *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 551 N.E.2d 938, a statute of repose is different from a statute of limitations which begins to run upon accrual of an injured party's cause of action. In fact, the period contained in R.C. 2305.131 may expire prior to the date a particular party is injured and, therefore, prior to that party's cause of action accruing:

"Unlike a true statute of limitations, which limits the time in which a plaintiff may bring suit *after* the cause of action accrues, a statute of repose, such as R.C. 2305.131, potentially bars a plaintiff's suit *before* the cause of action arises." (Emphasis *sic.*) *Id.* at 195, 551 N.E.2d at 941.

Assuming *arguendo* that R.C. 2305.131 was applicable to plaintiff's claim, it did not bar that claim. Based upon the averments of her complaint, her action was instituted within ten years after the completion of defendant's services related to the sanitary sewers at her home.

Defendant has not argued, however, that R.C. 2305.131 barred plaintiff's claim. Rather, it has argued that, to the extent she sought recovery based upon damage to real property, her claim was barred by R.C. 2305.09 and, to the extent she sought recovery for damage to personal property, her claim was barred by R.C. 2305.10. Plaintiff, on the other hand, has argued that, if R.C. 2305.131 was applicable to her claim, neither R.C. 2305.09 nor R.C. 2305.10 could also be applicable.

Plaintiff has argued that R.C. 2305.131 was the only statute applicable to her claim based upon a provision found in R.C. 2305.09(D), which, according to plaintiff, says that it "is applicable only to torts not addressed by a specific code provision." Appellant's Brief at 4. According to her, inasmuch as R.C. 2305.131

addresses her claim, R.C. 2305.09 is not applicable to it. There are two flaws in plaintiff's argument. First, to the extent plaintiff sought recovery for damage to personal property, that claim is specifically addressed by R.C. 2305.10 and, therefore, R.C. 2305.09 is not applicable to it. R.C. 2305.10 does not contain a provision similar to the provision of R.C. 2305.09 that it is not applicable to causes of action addressed by other statutes of limitations. Both R.C. 2305.10 and 2305.131, therefore, could be applicable to plaintiff's claim to the extent that it is a claim for damage to personal property. Second, and perhaps more telling, the language of R.C. 2305.09(D) relied upon by plaintiff in support of her assertion that it is only applicable to torts not addressed by other statutes of limitations specifically lists the other code sections for which preemption was accorded. R.C. 2305.131 is conspicuous by its absence:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

" * * *

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code." R.C. 2305.09.

There is nothing provided in either R.C. 2305.09 or 2305.10, therefore, that requires a conclusion that they are not applicable to a claim to which R.C. 2305.131 is applicable.

Further, there is nothing inconsistent in holding that both a statute of repose and a statute of limitations are applicable to the same claim.[1] As noted previously, the statute of repose at issue in this case begins running upon the completion of services and construction; statutes of limitations begin running upon accrual of a cause of action. Both serve to limit the duration of liability and " 'the attendant risks of stale litigation.' " See *Sedar*, 49 Ohio St.3d at 200, 551 N.E.2d at 945 (quoting *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy* [C.A.6, 1984], 740 F.2d 1362). They do so, however, in different ways. Because a defendant's involvement with a particular improvement to real property and, therefore, the alleged breach of duty in connection with that involvement may be separated in time by a number of years from an alleged

---

1. This case does not involve a situation in which a cause of action first accrued a short time prior to expiration of the period of repose and this court expresses no view regarding the constitutionality of R.C. 2305.131 in that context. See *Stewart v. Haughton Elevator Co.* (1993), 87 Ohio App.3d 122, 621 N.E.2d 901.

resulting injury, the legislature apparently recognized a need in this context to treat the time of a defendant's involvement and the time of a plaintiff's injury separately. The statute of repose contained in R.C. 2305.131 prevents actions from being brought more than ten years after a defendant's involvement with a particular project because of "faded memories, lost evidence, [and] the disappearance of witnesses" concerning the defendant's involvement with that particular real estate improvement. See *Sedar*, 49 Ohio St.3d at 200, 551 N.E.2d at 945. A statute of limitations (in this context) prevents actions from being brought more than a specified number of years after the plaintiff's injury because of "faded memories, lost evidence, [and] the disappearance of witnesses" regarding the circumstances at the time of the injury and the extent of the injury. See *Sedar*, 49 Ohio St.3d at 200, 551 N.E.2d at 945.

■ It was clear from the face of plaintiff's complaint that plaintiff's claimed cause of action accrued in excess of four years before she filed her complaint. To the extent she sought recovery for damage to real property, her claim against defendant was barred by the four-year statute of limitations set forth in R.C. 2305.09. To the extent she sought recovery for damage to personal property, her claim was barred by the two-year statute of limitations set forth in R.C. 2305.10. Accordingly, plaintiff's assignment of error is overruled.

### III

Plaintiff's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and REECE, J., concur.