JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.r. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiffs-appellants, Harvey and Jerilyn Kay, appeal the trial court granting defendant-appellee, City of Cleveland's, (the "City") motion for summary judgment. In granting the motion, the trial court determined that neither the discovery rule nor R.C. 2305.19, Ohio's savings statute, applied and that plaintiffs' case, therefore, was barred by the two-year statute of limitations set forth in 2305.10. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 3} On April 12, 2000, plaintiffs filed suit against the City. On February 26, 2001, however, plaintiffs voluntarily dismissed the case pursuant to Civ.R. 41(A). The suit was then refiled on April 24, 2001 and eventually referred to non-binding court arbitration.
 {¶ 4} During the arbitration hearing, plaintiffs alleged damage to their personal and real property because of the City's negligent repair of the water lines in front of their home. Despite the fact that plaintiffs noticed water coming into their home the day after repairs had begun, April 17, 1999, they claim they did not discover that the City was responsible for numerous episodes of flooding damage to their personal property, until December 23, 2000, when a plumbing contractor told them that a sewer pipe had collapsed because of the City's work in April 1999.[1] At the hearing, Jerilyn Kay, admitted that she noticed water flooding into her home the day after the City had begun work in front of the house. She testified that she had called into the house, one of the city's workers who told her she had a serious water problem. Jerilyn Kay also stated that after the worker left, she wrote down his truck number.
 {¶ 5} Plaintiffs aver in their affidavits that over the course of the next twenty months they had no way of knowing the City was responsible for their on-going water and sewage problems. Plaintiffs' affidavits. According to Jerilyn Kay, it was not until December 23, 2000, that they learned an underground sewer pipe had collapsed because of the city's repair work back in April 1999. Plaintiffs' affidavits.
 {¶ 6} After the arbitrator ruled in favor of plaintiffs, the City filed its motion for summary judgment, in which it argued the case should be dismissed because it had been refiled outside the applicable two-year statute of limitations set forth in R.C. 2305.10. The City argued the statute was triggered on April 17, 1999, when plaintiffs first had water in the house, not when they spoke to the plumber on December 23, 2000. The City argued, moreover, that plaintiffs were not entitled to the additional time provided for in R.C. 2305.19, Ohio's savings statute, because they had voluntarily dismissed the first case before the two-year limitations period expired.
 {¶ 7} The trial court granted the City's motion for summary judgment and explained: "The case was re-filed outside the Statute of Limitations. plaintiff's purported reliance on the discovery rule [sic] which applies to medical malpractice and disease processes is not applicable in this situation. Moreover, the Rule 56 evidence clearly demonstrates plaintiffs were aware that the defendant City of Cleveland was a likely defendant from the very date of the injury to the property. final. * * *"
 {¶ 8} It is from this order that plaintiffs appeal and assign one error for our review.
 {¶ 9} "The trial court erred and abused its discretion when it granted appellee's motion for summary judgment, and thereby found, under the evidentiary presumptions of Civil Rule 56(C), that appellants' claim was filed outside the Statute of Limitations."
 {¶ 10} Plaintiffs argue that the trial court erred in granting the City's motion for summary judgment because under the savings statute they timely refiled their complaint on April 24, 2001. Plaintiffs insist that they are entitled to the additional one-year limitations period specified in R.C. 2305.19 because, under the discovery rule, they did not and could not have discovered the City's responsibility for their property damage until December 23, 2000, when the plumber determined that the city's repair work in April 1999 had damaged the sewer line.
 {¶ 11} Under Civ.R. 56, summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming
(1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377; Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.
 {¶ 12} The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. CelotexCorp. v. Catrett (1987), 477 U.S. 317, 330, 91 L.Ed.2d 265,106 S.Ct. 2548; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Even though doubts must be resolved in favor of the nonmoving party, that party must still produce evidence on any issue for which he/she bears the burden of production at trial. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59, 604 N.E.2d 138; Wing v. Anchor Media, Ltd. ofTexas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.
 {¶ 13} As noted by the Ohio Supreme Court, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,296, 662 N.E.2d 264.
 {¶ 14} Once the moving party has satisfied its initial burden, "the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher at 293, 662 N.E.2d at 274; Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, 677 N.E.2d 308; Wilmot v. Forest City Auto Parts (June 22, 2000), Cuyahoga App. No. 75945, 2000-Ohio-2734.
 {¶ 15} This Court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153 ("We review the judgment independently and without deference to the trial court's determination"). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. * * * The motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24.
 {¶ 16} In order to determine the appropriate statute of limitations in a case, a court must look to the substance of the claim, rather than the form of the complaint. Hunter v. Shenango Furnace Co.
(1988), 38 Ohio St.3d 235, 237, 527 N.E.2d 871.
 {¶ 17} As pointed out in Dreher v. Willard Constr. Co. (1994),93 Ohio App.3d 443, 447, 638 N.E.2d 1079, "a statute of limitations focuses on plaintiff's injuries and begins to run upon accrual of a cause of action." In other words, deciding which statute of limitations applies in any given case will depend upon the type of damages allegedly suffered by a plaintiff.
 {¶ 18} In Browning v. Burt (1993), 66 Ohio St.3d 544, 561, the Ohio Supreme Court approved the application of two separate limitation periods in the same case because the damages alleged were different in nature. In Browning, the court determined that plaintiff's medical malpractice and negligent credentialing claims involved different kinds of damages and, therefore, they had different trigger dates for their respective statutes of limitations, R.C. 2305.11 and 2305.10.
 {¶ 19} The first question before this court is whether plaintiffs' action is an action for damage to personal property, which is subject to the two-year statute of limitations prescribed by R.C. 2305.10,[2]
and/or whether the action is for damage to real property, which is subject to the four-year statute of limitations prescribed by R.C.2305.09.[3] The resolution of this issue is found in the allegations set forth in plaintiff's complaint and in the evidence adduced during the summary judgment stage of the case.
 {¶ 20} Pertinent to the case at bar, Dreher specifically supports the application of both limitations periods set forth in R.C. 2305.09 and R.C. 2035.10 when there is damage to both personal and real property. As noted in Dreher: "[T]o the extent plaintiff had averred a cause of action for damages to real property, that claim was barred by the four-year statute of limitations set forth in R.C. 2305.09. It further argued that, to the extent plaintiff had set forth a claim for tortious damage to personal property, that claim was barred by the two-year statute of limitations set forth in R.C. 2305.10." Id. at 447-448.
 {¶ 21} In the case at bar, plaintiffs' complaint, their brief on appeal, and their representations at oral argument indicate that their claims are rooted in negligence. The record shows that they are suing the City for its negligent repair of the water lines in front of their home. As a negligence action, the next question is which statute of limitations applies to plaintiffs' claim. The answer to this question is found in the fact that they claim two distinct types of damage as a result of the City's conduct.
 {¶ 22} First, plaintiffs are claiming damages to their personal property because of the immediate flooding they experienced in April 1999 and thereafter. Second, plaintiffs have claimed damage to their real property because of the collapsed pipe they discovered in December 2000. Following the authorities cited herein, plaintiffs' personal property damages are governed by the two-year statute of limitations in R.C.2305.10, whereas their real property damages are governed by the four-year limitations period in R.C. 2305.09(D). The next question is when do these two statutes of limitation begin to run in this case.
 {¶ 23} In the recent case of Norgard v. Brush Wellman, Inc.
(2002), 95 Ohio St.3d 165, 2002 Ohio 2007, 766 N.E.2d 977, the Ohio Supreme Court departed from the general rule that a statute of limitations begins to run at the time the wrongful act was committed. InNorgard, plaintiff sued his employer for personal injuries he suffered from exposure to chemicals inside the plant where he worked. The trial court granted the employer summary judgment because plaintiff's claims were barred by the two-year statute of limitations set forth in R.C.2305.10.
 {¶ 24} The trial court determined that the limitations period began to run in August 1992 when plaintiff first became ill rather than October 1995 when he discovered that his employer actually knew about the poor plant conditions all along, but had done nothing to protect him or other employees.
 {¶ 25} The court of appeals affirmed summary judgment for the employer because the employee failed to timely file the suit within the limitations period set forth in R.C. 2305.10.
 {¶ 26} In reversing the trial court, the Supreme Court stated as follows: "Generally, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed. However, the discovery rule is an exception to this general rule and provides that a cause of action does not arise until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, that he or she was injured by the wrongful conduct of the defendant."
 {¶ 27} In applying the discovery rule in the employer intentional tort area, the Norgard decision essentially established a new rule for determining when a statute of limitations begins to run in a case brought under R.C. 2305.10. The new rule now "entails a two-pronged test — i.e., discovery not just that one has been injured but also that the injury was caused by the conduct of the defendant — and that a statute of limitations does not begin to run until both prongs have been satisfied." Norgard at syllabus. Under Norgard, the statute of limitations set forth in R.C. 2305.10 starts to run when the damaged party discovers, or in the exercise of reasonable diligence should have discovered, that he was injured by the wrongful conduct of another. The discovery rule expanded by Norgard applies to R.C. 2305.10, which covers injury to personal property.
 {¶ 28} The next question is whether the discovery rule also applies to R.C. 2305.09(D) for alleged damage to real property, here, the collapsed pipe. The Ohio Supreme Court in Harris v. Liston (1999),86 Ohio St.3d 203, 714 N.E.2d 377, clearly defines how the discovery rule applies to plaintiffs' claims here. In Harris, the Ohio Supreme Court cited its earlier decision in NCR Corp. v. U.S. Mineral Products Co.
(1995), 72 Ohio St.3d 269, 271, 649 N.E.2d 175, 176-177. In NCR, the court determined that "R.C. 2305.09(D) applies to situations where a party is seeking recovery for injury or damage to real property and that a `discovery rule is appropriate for accrual of such a cause of action.'" * * * [W]e hold that a negligence action against a developer-vendor of real property for damage to the property accrues and the four-year statute of limitations of R.C. 2305.09(D) commences to run when it is first discovered, or through the exercise of reasonable diligence it should have been discovered, that there is damage to the property. NCR AT 206-207.[4] The application of the discovery rule in negligence cases, therefore, is required in cases brought under either R.C. 2305.10 or R.C. 2305.09(D).
 {¶ 29} In the case at bar, the statute of limitations that applies to plaintiffs' personal property damage is R.C. 2305.10, which specifies plaintiffs had two years from the date they discovered, or in the exercise of reasonable diligence should have discovered, that they were injured by the City's wrongful conduct. During the hearing, testimony from Jerilyn Kay revealed that the day after the City began working in front of the house, one of the City's employees had come into the house, observed flooding, and told Jerilyn Kay there was a problem. Jerilyn Kay then wrote down the worker's truck number, possibly indicating her anticipation that she might have to contact the city about the problem. This set of facts, however, does not conclusively establish anything beyond plaintiffs' knowledge that they were suffering damage to their personal property as the water came flooding into the house. Like the plaintiff in Norgard, on April 17, 1999, plaintiffs did not yet know their damage was caused by the City's repair work.
 {¶ 30} The record is also silent on when, in the exercise of due diligence, they should have discovered that the City might be responsible. Reasonable minds could differ on when the two-year statute of limitations begins to run on their personal property claims. Accordingly, because there remains a genuine issue of material fact, summary judgment cannot be granted. The trial court, therefore, erred in determining that the discovery rule does not apply to plaintiffs' personal property claims and in deciding that those claims are barred by R.C. 2305.10.
 {¶ 31} We also conclude that the trial court erred in failing to apply the four-year limitations period set forth in R.C. 2305.09(D), to plaintiffs' separate claims for damage to their real property, namely, the collapsed sewer pipe.[5] The trigger date for this statute of limitations is also intertwined with the due diligence question. There remains a genuine issue of material fact about when plaintiffs should have discovered that the pipe had collapsed and what means they might reasonably have been expected to take to analyze the problem. Again, on the state of the record before us, reasonable minds could differ on the answer to this question leaving summary judgment an improper vehicle for disposing of the case.
 {¶ 32} We note that even if the trier of fact decides that plaintiffs should have discovered the collapsed pipe earlier than December 23, 2000, the four-year statute of limitations in R.C. 2305.09(D) has not yet expired even if the April 17th date is determined to be the trigger for the limitations period.
 {¶ 33} Because there remain genuine issues regarding when the two statutes of limitations begin to run in this case, questions related to the savings statute are moot.[6] Appellants' sole assignment of error is sustained and the judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.
 {¶ 34} This cause is reversed and remanded.
It is ordered that appellants recover of appellee their costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY.
[1] The collapsed sewer pipe was discovered when the plumber ran a video camera through that pipe on December 23, 2000.
[2] R.C. 2305.10 provides that "an action for * * * injuring personal property shall be brought within two years after the cause thereof arose."
[3] R.C. 2305.09 reads: "An action for any of the following causes shall be brought within four years after the cause thereof accrued: (A) For trespassing upon real property; (B) For the recovery of personal property, or for taking or detaining it; (C) For relief on the ground of fraud; (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14
and 1304.29 of the Revised Code."
[4] Long before the Harris decision, this court and others across the state applied the discovery rule to negligence cases involving damage to real property. See Aluminum Line Prods. Co. v. Brad Smith Roofing Co.
(1996), 109 Ohio App.3d 246, 255-256, 671 N.E.2d 1343; Point EastCondominium Owners' Association, Inc. v. Cedar House Associates Co.
(1995), 104 Ohio App.3d 704, 663 N.E.2d 343 (though sprinkler system at condominium complex initially leaked in 1980, R.C. 2305.09[D] began to run in 1987 when leaks resurfaced, because 1980 leaks were assumed to be corrected and subsequent leaks were related to post-1980 installation);Bd. of Edn. School District v. Regner (Oct. 26, 1989), Cuyahoga App. Nos. 56053, 56054, 56060, 1989-Ohio-5122, (because it was unclear when plaintiff knew of leaking condition of roof due to improperly authenticated affidavits, issue of fact remained regarding accrual date under R.C. 2305.09[D].
[5] We underscore the absence of any evidence in the record indicating where the collapsed section of the pipe is located or who owns it, that is, the City or plaintiffs.
[6] Before the savings statute can be used by any plaintiff, the statute of limitations for a claim must have expired before the case is dismissed. R.C. 2305.19; Civ.R. 41(A)(1). In the case at bar, reasonable minds could differ on when the two-year limitations period expired for plaintiffs' personal property claims. The applicability of the savings statute is purely speculative at this point in the case.