**[Cite as *Naiman Family Partners, L.P. v. Saylor*, 2020-Ohio-4987.]**

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| NAIMAN FAMILY PARTNERS, L.P., ET AL., | : | |
| Plaintiffs-Appellants, | : | No. 108607 |
| v. | : | |
| DAVID SAYLOR, | : | |
| Defendant-Appellee. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 22, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-907301

---

### *Appearances:*

Schneider Smelz Spieth Bell L.L.P., Scott J. Robinson, Aanchal Sharma, Nicholas M. Vento, and Mark M. Mikhaiel, *for appellants.*

Tucker Ellis L.L.P., William Stavole, Jon W. Oebker, and Melissa Z. Kelly, *for appellee.*

PATRICIA ANN BLACKMON, P.J.:

{¶ 1}    This dispute concerns whether a 2018 declaratory judgment action asserting conversion, tortious interference, and other claims regarding whether disputed shares of a trust passed to a deceased beneficiary by operation of a 2014 trust amendment.  The trial court determined that this matter was barred by a four-year statute of limitations.  Plaintiffs-appellants, Naiman Family Partners, L.P. ("NFP"), General Partner Naiman Management, L.L.C. ("Naiman Management"), limited partners Joseph Naiman Trust, Naiman Omega Trust, Sylvia Naiman Declaration of Trust, and Nalco ("limited partners"), and Shoshana Naiman ("Shoshana") and Shoshana's son, Matthew Naiman ("Matthew"), the beneficiary and trustees of various Naiman family trusts (collectively referred to as "NFP Group"), appeal from that ruling, in order to pursue claims against defendant-appellee, David Saylor, the executor and beneficiary of the estate of Arlene Naiman ("Arlene"), Shoshana's deceased sister.  The NFP Group assigns the following errors for our review:

I.    The trial court erred in granting [Saylor's] Civ.R. 12(B)(6) motion to dismiss on a statute of limitations defense, where [Saylor] failed to identify the applicable statute of limitations for [NFP Group's] declaratory judgment claim.

II.   The trial court erred in granting [Saylor's] Civ.R. 12(B)(6) motion to dismiss on a statute of limitations defense by failing to apply the continuing tort theory with respect to [NFP Group's] claims for tortious interference and conversion.

III.  The trial court erred in granting [Saylor's] Civ.R. 12(B)(6) motion to dismiss on a statute of limitations defense by failing to apply the discovery rule with respect to [NFP Group's] claims for declaratory judgment, tortious interference, and conversion.

IV. The trial court erred in granting [Saylor's] Civ.R. 12(B)(6) motion to dismiss based on arguments that were asserted for the first time in [Saylor's] reply brief in Support of his motion to dismiss.

{¶ 2} Having reviewed the record and the controlling case law, we affirm.

{¶ 3} According to the complaint in this matter, in 1975, Joseph Naiman ("Joseph") created an irrevocable trust ("1975 Trust") naming his wife, Sylvia, the initial trustee. The trust estate was to be divided between Sylvia, and daughters Shoshana and Arlene. Then, upon Sylvia's death, her share was to be divided equally between Shoshana and Arlene. According to the terms of the 1975 Trust, Shoshana and Arlene were to receive one-third of their shares upon the death of Sylvia after they turned 35 years old, a second portion at age 40, and a final distribution at age 45.

{¶ 4} In 2002, Sylvia created NFP to own and operate various properties in Ohio, Arizona, and California. Seventeen percent of NFP Limited partnership units were transferred to the 1975 Trust by operation of this document. Moreover, this document vested broad authority in General Partner Naiman Management to execute documents and bind NFP without the accompanying signatures of any limited partner:

> 6.6.2. The General Partner shall have full authority to execute on behalf of the Partnership any and all agreements, contracts, conveyances, deeds, mortgages and other instruments, and the execution thereof by the General Partner executing on behalf of the Partnership shall be the only execution necessary to bind the Partnership thereto. No signature of any Limited Partner shall be required.

**{¶ 5}** Sylvia died 2011, in which time both Shoshana and Arlene had already turned 45 years old. In 2013, Arlene died without issue and without having obtained her interest in NFP. Saylor administered her estate as her executor and sole beneficiary, claiming an interest in the disputed shares as an asset of Arlene's estate. It is undisputed that in 2014 Shoshana received her distribution of the 1975 Trust, including an 8.33 percent limited partnership interest in NFP. According to NFP Group, however, the terms of the 1975 trust state that because Arlene died without issue and without having yet obtained her shares, they cannot be transferred to her estate.

**{¶ 6}** On February 14, 2014, Jack G. Charney ("Charney"), the manager of General Partner Naiman Management, and KeyBank and Charney, as co-trustees of the trusts comprising the limited partnerships of NFP, signed a "Second Amendment To Agreement Of Limited Family Partnership Of Naiman Family Partners, L.P." By operation of this document, 8,329 units of NFP were to be transferred to the Estate of Arlene Naiman. This Second Amendment also states that it is "binding upon and shall inure to the benefit of the successors and assigns of the respective Partners."

**{¶ 7}** In response, in October 2018, NFP Group executed the Fourth Amendment to the Agreement of Limited Partnership of NFP. This document states that it "rescinds, revokes and/or cancels any interest or attempt at creating an interest in NFP by Defendant Saylor and/or the Estate of Arlene[.]" NFP Group maintains that the disputed shares are now owned by Shoshana. The NFP Group

maintained that the Second Amendment to the NFP transfer was ineffective and inconsistent with the Partnership Agreement regarding "permitted gifts" and that Arlene was never an NFP limited partner and she died without issue.

{¶ 8} NFP Group's complaint against Saylor was filed in November 2018, set forth claims for: (1) declaratory judgment; (2) tortious interference; and (3) conversion, all arising out of the NFP Second Amendment. Saylor filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that all three claims for relief were barred by the four-year statute of limitations set forth in R.C. 2305.90(B). In opposition, NFP Group argued that the claims for tortious interference and conversion were not time-barred because Saylor created "new damage" through continuing conduct aimed at obtaining the disputed shares, including his actions in probate proceedings concerning Arlene's estate's claimed NFP limited partnership interest.[1] NFP Group also argued that the limitations period was tolled by the discovery rule until they learned the full extent of Saylor's alleged conduct in obtaining the disputed shares. Finally, NFP Group argues that the claim for declaratory judgment is not time-barred because it seeks to establish the present, rightful owner of the disputed shares.

{¶ 9} The trial court granted Saylor's motion to dismiss without opinion, and NFP Group now appeals.

---

[1] *See Naiman Family Partners v. Saylor*, Cuyahoga C.P. No. 2018 ADV 238122.

## Civ.R. 12(B)(6)

{¶ 10} In the assigned errors, NFP Group argues that the trial court erred in dismissing the complaint by application of a four-year statute of limitations.

{¶ 11} In *Schmitz v. NCAA*, 155 Ohio St.3d 389, 2018-Ohio-4391, 122 N.E.3d 80, the Ohio Supreme Court set forth the controlling standard as follows:

> We review a dismissal pursuant to Civ.R. 12(B)(6) de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. We limit our review to the allegations in the amended complaint. * * * Before a court may dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).
>
> Application of a statute of limitations presents a mixed question of law and fact; when a cause of action accrues is a question of fact, but in the absence of a factual issue, application of the limitations period is a question of law. *Wells v. C.J. Mahan Constr. Co.*, 10th Dist. Franklin Nos. 05AP-180 and 05AP-183, 2006-Ohio-1831, ¶ 25, citing *Cyrus v. Henes*, 89 Ohio App.3d 172, 175, 623 N.E.2d 1256 (9th Dist.1993), rev'd on other grounds, 70 Ohio St.3d 640, 1994-Ohio-185, 640 N.E.2d 810 (1994). A court may dismiss a complaint as untimely under Civ.R. 12(B)(6) only when, after accepting the factual allegations as true and making all reasonable inferences in favor of the plaintiff, the complaint shows conclusively on its face that the action is time-barred. *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11; *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379, 433 N.E.2d 147 (1982).

*Id.* at ¶ 10-11.

### Statute of Limitations for Declaratory Judgment

{¶ 12} In the first assigned error, NFP Group argues that the trial court erred insofar as it determined that the claim for declaratory judgment was barred by the four-year statute of limitations.

**{¶ 13}** To determine the appropriate statute of limitations with respect to a declaratory judgment claim, courts look to the underlying nature or subject matter of the claim. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 465 N.E.2d 1298 (1984). The court explained:

> [I]n determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial.

*Id.* at 183, citing *Kunz v. Buckeye Union Ins. Co.*, 1 Ohio St.3d 79, 437 N.E.2d 1194 (1892) and *Peterson v. Teodosio,* 34 Ohio St.2d 161, 297 N.E.2d 113 (1973). *See also Joseph Bros. Co., L.L.C. v. Dunn Bros., Ltd.*, 6th Dist. Lucas No. L-18-1229 2019-Ohio-4821, ¶ 41.

**{¶ 14}** Similarly, in *State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 8th Dist. Cuyahoga No. 104157, 2017-Ohio-7727, this court held:

> Although styled as seeking declaratory relief, the underlying claim is for fraud in the inducement. Thus, Count 7 is also subject to the four-year statute of limitations in R.C. 2305.09. *Ricketts v. Everflow E., Inc.*, 2016-Ohio-4807, 68 N.E.3d 165, ¶ 15 (7th Dist.) (declaratory judgment action revolved around breach of an oil and gas lease contract, and was therefore subject to the statute of limitations in R.C. 2305.041). Therefore, we hold that the trial court did not err in granting summary judgment in favor of Great Lakes on Count 7, as it was barred by the statute of limitations.

*Id.* at ¶ 123.

**{¶ 15}** In this matter, the complaint set forth claims for tortious interference, conversion, and declaratory judgment. The declaratory judgment requested is:

a. that Arlene was never a Limited Partner of NFP;

b. the transfer (or attempted transfer) of the Disputed Interest to the Estate of Arlene was invalid pursuant to the Partnership Agreement;

c. that Defendant Saylor and/or the Estate of Arlene have no ownership interest in NFP as Limited Partner or otherwise;

d. that Shoshana is the owner of the Disputed Interest;

e. providing Plaintiffs with all other relief as provided by equity or law.

{¶ 16} Looking at the grounds for bringing the action and the actual nature or subject matter of the case, rather than the form in which the action is pled, we conclude that the declaratory judgment claim is subject to the four-year statute of limitations that is applicable to the tortious interference and conversion causes of action. Although styled as seeking declaratory relief, the underlying claim is for recovery of the disputed shares given to Arlene's estate in the NFP Second Amendment. Therefore, this claim for relief is also subject to the same four-year statute of limitations governing those causes of action. *See* R.C. 2305.09.

{¶ 17} The first assigned error is without merit.

## Continuing Tort Theory

{¶ 18} In the second assigned error, NFP Group argues that the trial court erred in concluding that the tortious interference and conversion claims were not tolled by Saylor's alleged continuing tortious conduct.

{¶ 19} The statute of limitations for tortious interference is four years. R.C. 2305.09(D); *Samman v. Nukta*, 8th Dist. Cuyahoga No. 85739, 2005-Ohio-5444, ¶ 23. The statute of limitations for conversion is four years. *Id.*

{¶ 20} In *Chernett Wasserman Yarger, L.L.C. v. ComScape Holding, Inc.*, 8th Dist. Cuyahoga No. 100907, 2014-Ohio-4214, this court recognized that certain claims may be tolled by the continuing tort doctrine. The *Chernett* court stated:

> Although the limitations period for bringing an action starts to run when the plaintiff knows or has reason to know of the injury that is the basis of his action, that rule gives way in certain cases where there is a continuing violation that inflicts continuing and accumulating harm. *Painesville Mini Storage, Inc. v. Painesville*, 11th Dist. Lake No. 2008-L-092, 2009-Ohio-3656, ¶ 19, citing *McNamara v. Rittman*, 473 F.3d 633, 639 (6th Cir.2007). In Ohio, the continuing tort doctrine is usually employed in cases involving injury caused by a trespass to real property, and then only for a continuing trespass, not to a permanent trespass in which the allegedly tortious act has been fully accomplished. *See Sexton v. City of Mason*, 117 Ohio St.3d 275, 282, 2008-Ohio-858, 883 N.E.2d 1013, ¶ 55.

*Id.* at ¶ 40.

{¶ 21} Moreover, the present effects of past violations do not trigger a continuing violations exception. *State ex rel. Nickoli v. Erie MetroParks*, 124 Ohio St.3d 449, 2010-Ohio-606, 923 N.E.2d 588, ¶ 32. A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation. *Id.*

{¶ 22} The parties identify no Ohio cases applying the continuing tort doctrine to cases of conversion and intentional interference with business opportunities. Further, we see no compelling reason to apply it herein because the complaint focuses upon the 2014 events giving Arlene's estate the share from the 1975 Trust. The essential document is the 2014 NFP Second Amendment. No other document or conduct is alleged as a basis of the estate's ownership of the disputed share, and Saylor's alleged wrongful conduct was fully accomplished with the

execution of this document.  Although the complaint outlines Saylor's subsequent actions in connection with probating Arlene's will, etc., it is all premised upon the NFP Second Amendment.  The cause of action fully accrued in 2014.  The complaint alleged no conduct related to any other property, trust, or share.

{¶ 23} The second assigned error is without merit.

### Discovery Rule Argument from Reply Brief

{¶ 24} In the third assigned error, NFP Group argues that the trial court erred in rejecting the argument that the discovery rule tolled the statute of limitations in this matter.  NFP Group alleged that Matthew and Shoshana did not sign or know about the NFP Second Amendment, and two of the limited partners did not execute this document.  In the fourth assigned error, NFP Group argues that the trial court erred in considering Saylor's argument, raised for the first time in a reply brief, that by operation of the NFP Second Amendment, the NFP Group automatically agreed to the assignment of limited partnership shares to Arlene's estate upon the consent of the General Partner who has sole and absolute discretion.

{¶ 25} Beginning with the procedural issue presented in the fourth assigned error, we note that the purpose of a "reply brief is to afford [a party] an opportunity to respond to the [opponent's] brief, not to raise an issue for the first time." *Hadden Co., L.P.A. v. Zweier*, 10th Dist. Franklin No. 15AP-210, 2016-Ohio-2733, ¶ 15.  A party may not advance new arguments in its reply brief.  *In re Fuel Adjustment Clauses for Columbus S. Power Co.*, 140 Ohio St.3d 352, 359, 2014-Ohio-3764, 18 N.E.3d 1157, ¶ 39; *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 2013-Ohio-

2742, 994 N.E.2d 879, ¶ 13 (10th Dist.). However, a party may respond in a reply brief to the issues raised by the opponent's brief on the merits. *In re Z.C.*, 12th Dist. Warren Nos. CA2005-06-065, CA2005-06-066, CA2005-06-081, and CA2005-06-082, 2006-Ohio-1787, ¶ 20.

{¶ 26} In this matter, the complaint alleged that Saylor's claims were based upon the NFP Second Amendment, a document appended to the complaint as exhibit No. 3. The complaint alleged that Saylor "failed to follow the terms of the Partnership Agreement" so the transfer was invalid. Saylor's argument in his merit brief was that the NFP Second Amendment was effective upon the signature of the General Partner and some of the limited partners. In its brief in opposition, the NFP Group maintained that the NFP Second Amendment was invalid absent the signatures of the other limited partners and trustees. From the foregoing, it is clear that Saylor consistently raised the argument that the plain provisions of the NFP Second Amendment transferred to the disputed shares to Arlene's estate. Although Saylor's argument was additionally fleshed out in his reply brief that noted the sole authority of the general partner, we cannot say that he raised an entirely new issue here.

{¶ 27} The fourth assignment of error is without merit.

{¶ 28} As to the third assigned error, the discovery rule, R.C. 2305.09, provides that the discovery rule applies to conversion claims. *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 181, 546 N.E.2d 206 (1989). However, it does not apply to claims for intentional interference of business opportunities. *Wilkerson v.*

*Hartings*, 1st Dist. Hamilton No. C-081160, 2009-Ohio-4987, ¶ 11, applying *Jacobs; Dibert v. Watson*, 3d Dist. Logan No. 8-09-02, 2009-Ohio-2098, ¶ 10. *Porter v. Probst*, 2014-Ohio-3789, 18 N.E.3d 824, ¶ 23 (7th Dist.).

{¶ 29} Under the discovery rule, the statute of limitations begins to run when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered a possible cause of action. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 21.

{¶ 30} In this matter, the NFP Group alleged that it signed the Fourth Amendment in order to "rectify any confusion created by" 2014 NFP Second Amendment. The NFP Group also acknowledges that Saylor listed the disputed shares in Arlene's estate in 2013. Moreover, the NFP Second Amendment was signed by Charney, NFP Group's General Partner the General Partner of Naiman Partnership in accordance with his "full authority" under Partnership Agreement Section 6.2. to execute documents that bind NFP without the signature of any limited partner. Charney and KeyBank also signed this document as limited partners of NFP. The Second Amendment provided that 8,329 units of NFP were to be transferred to the Estate of Arlene Naiman. The Second Amendment also states that it is "binding upon and shall inure to the benefit of the successors and assigns of the respective Partners." Therefore, the 2014 actions and signatures of the NFP General Partner and limited partners precludes application of the discovery rule herein. The discovery rule did not toll the NFP Group's claims herein.

{¶ 31} The third assigned error is without merit.

**{¶ 32}** Accepting the factual allegations as true and making all reasonable inferences in favor of the NFP Group, the complaint shows conclusively on its face that the action is time-barred. The trial court properly dismissed the complaint.

**{¶ 33}** Judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
RAYMOND C. HEADEN, J., CONCUR