[Cite as *Gozion v. Cleveland School of the Arts Bd. of Trustees*, 2024-Ohio-1991.]
**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**


VICTOR GOZION, JR.,                          :

     Plaintiff-Appellant,            :              No. 113358

     v.                                       :

CLEVELAND SCHOOL OF THE ARTS   :
BOARD OF TRUSTEES,

                                  :

     Defendant-Appellee.


JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRM23
**RELEASED AND JOURNALIZED:** May 23, 2024


Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-23-975056


***Appearances:***

Victor Gozion, Jr., *pro se.*

Patrick O. Peters and Tony H. Shang, *for appellee.*


MICHELLE J. SHEEHAN, P.J.:

{¶ 1}   Plaintiff-appellant Victor Gozion, Jr., ("Gozion") appeals from a judgment of the trial court granting the motion to dismiss filed by Cleveland School of the Arts Board of Trustees ("appellee") pursuant to Civ.R. 12(B)(6).   Gozion

claimed appellee breached a contract and also committed fraud. After review, we find Gozion's complaint on its face conclusively demonstrates that his breach-of-contract claim was barred by the applicable statute of limitations and his fraud claim was appropriately dismissed because he failed to plead the claim with sufficient particularity as required by Civ.R. 9(B). Consequently, we affirm the trial court's judgment.

**Factual Allegations**

{¶ 2} Appellee is the Board of Trustees for the Cleveland School of the Arts ("CSA"). The Board is also known as the Friends of the Cleveland School of the Arts, and it is a nonprofit organization in partnership with the Cleveland Metropolitan School District. Gozion was a former Artist in Residence for the CSA. He worked as an art, photograph, graphics, and filmmaker instructor at the CSA. For the 2013-2014 and 2014-2015 school years, Gozion was employed under a written contract with appellee. For the 2015-2016 school year, he worked without a written contract: he was not presented with a written contract until February 2016. Gozion alleged in the complaint that, although he was not given a written contract for the 2015-2016 school year at the beginning of the school year, he believed appellee would "follow through with the delivery of a written contract for the 2015-2016 school year, as promised" because for the previous two school years, he was not provided with a written contract until well into the school year.

{¶ 3} When the written contract was finally presented to Gozion in February 2016, he discovered that he was offered a sum "less than promised." Gozion alleged, without providing any specific facts, that after he noted the discrepancy, he was "promised by the Defendant the contract would be corrected to reflect the promised amount and be forthcoming." He alleged that, after not receiving the promised contract, he resigned on March 2, 2016.

**Filing of the Complaint and Amended Complaint**

{¶ 4} Gozion, pro se, filed a complaint against appellee on February 10, 2023, almost seven years later, raising a declaratory judgment claim (Count One) and a breach-of-contract claim (Count Two). Both claims were based on the same underlying facts as set forth in the foregoing. Gozion alleged that the lawsuit arose out of appellee's "failure to make good on [the] promise of a written contract for the services of the Plaintiff as an Artist in Residence * * * for the 2015-2016 school year." He alleged that appellee did not deliver a written contract until February 2016 and "[i]t was at this point that the Plaintiff discovered he was offered a sum less than promised * * *."

{¶ 5} Appellee moved to dismiss the complaint, contending that Gozion's claim is barred by the statute of limitations for an oral contract. Appellee contended that, by Gozion's own allegation in the complaint, the instant lawsuit arose out of appellee's "failure to make good on a promise of a written contract" for his services,

and, therefore, there was only an oral promise and no written contract existed for the relevant period of time between Gozion and appellee.

{¶ 6} Gozion opposed the motion to dismiss, arguing that his breach-of-contract claim was filed within the statute of limitations for a written contract. He stated that "[w]hile a 'physical' contract is not in hand — one did exist." On May 1, 2023, appellee filed its reply to Gozion's opposition. Appellee, pointing to Gozion's own acknowledgement that a physical contract "is not in hand," contended again that the statute of limitations for an oral agreement governs Gozion's claim and his claim was filed untimely.

{¶ 7} In response, Gozion filed a motion for leave to file a first amended complaint. He alleged that he now had new evidence to raise a fraud cause of action, claiming that he became aware of a fraud when appellee stated in the May 1, 2023 court filing that Gozion admitted that a physical contract "is not in hand." Gozion claimed, somehow, that this statement "implies that the Defendant knowingly made an offer, presented it on a promise and then withdrew it. Then claiming no contract exists [sic] caused the Plaintiff to question their intentions for the first time."

{¶ 8} Thereafter, the trial court granted leave for Gozion to file an amended complaint. Gozion filed the amended complaint on May 23, 2023. The amended complaint contains almost identical factual allegations as the original complaint but adds an additional cause of action for fraud (Count Three). In paragraph 44 of the amended complaint, he claims, vaguely, that "[i]t is now evident that the Defendant

knowingly made an offer without the intention of to deliver on that promise. By presenting a contract, different from what was promised then withdrawing it, with the promise it would be corrected, then not making good on the promise, shows a fraudulent attempt to deceive." This claim does not appear to be supported by specific factual allegations — there was only a general allegation that Gozion "was promised by the Defendant the contract would be corrected to reflect the promised amount."

{¶ 9} In the amended complaint, Gozion alleges appellee's breach of contract occurred on March 15, 2016, the last day of his employment at CSA and his claim is not barred by the statute of limitations for a written contract. Regarding the fraud claim, Gozion alleges he did not become aware of the fraud until May 1, 2023, when appellee filed its "Reply in Support of Motion to Dismiss Plaintiff's complaint." Gozion alleges that "[b]efore [May 1, 2023], it was beyond the Plaintiff's comprehension that a nonprofit would be capable of such behavior."

{¶ 10} Appellee moved to dismiss the amended complaint pursuant to Civ.R. 12(B)(6) for a failure to state a claim upon which relief may be granted. The trial court granted the motion, finding that Gozion can prove no set of facts entitling him to relief to relief.

**Appeal**

{¶ 11} On appeal, Gozion raises the following three assignments of error:

I. Trial court improperly dismissed the case based on a Civ.R. 12(B) Motion when there are actionable claims presented. Defendant received ineffective assistance of counsel ¶ 6-7 *DeMell v. Cleveland Clinic Foundation*, Cuyahoga App. No. 88505, 2007-2924, *York Ohio State Hwy Patrol* (1991), 60 Ohio St. 3d 143, 145, 573 N.E.2d 1063.

II. The Trial Court improperly dismissed this case based on a Civ.R. 12(B) Motion where there is no qualified privilege. *DeMell v. Cleveland Clinic Foundation*, Cuyahoga App. No. 88505, 2007-2924.

III. The trial court improperly denied the plaintiff his right to file a first amended complaint once fraud was discovered would bar plaintiff's cause of action.

{¶ 12} Regarding these assignments of error, we first point out that appellee never raised a defense of qualified privilege and, therefore, we summarily overrule the second assignment of error. We also summarily overrule the claim of ineffective assistance of counsel raised under the first assignment of error because a claim of ineffective assistance of counsel is generally inapplicable in civil litigation, *Brunner Firm Co., L.P.A. v. Bussard*, 10th Dist. Franklin No. 07AP-867, 2008-Ohio-4684, ¶ 31, and, furthermore, such a claim is not available where a party elects to represent himself. *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 16. In the following, we review the first and third assignments of error jointly and discuss in turn the trial court's dismissal of the claims raised by Gozion in his amended complaint.

{¶ 13} We recognize, as an initial matter, that a pro se litigant may face certain difficulties when choosing to proceed pro se; however, while "a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency." *Saeed v.*

*Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 104617, 2017-Ohio-935, ¶ 7, citing *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. "It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001). "Under Ohio law, pro se litigants are held to the same standard as all other litigants: they must comply with the rules of procedure and must accept the consequences of their own mistakes." *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 29, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996).

**Standard of Review**

{¶ 14} In this case, the trial court granted appellee's Civ.R. 12(B)(6) motion to dismiss Gozion's amended complaint for a failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). The Civ.R. 12(B)(6) dismissal of a complaint for a failure to state a claim upon which relief can be granted is appropriate if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in a nonmoving party's favor, it appears beyond doubt that the nonmoving party could prove no set of facts entitling the moving party to the requested relief. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 13. In deciding a Civ.R. 12(B)(6) motion to

dismiss, the court is limited to the four corners of the complaint. *Rankin v. Rosolowski*, 8th Dist. Cuyahoga No. 104079, 2016-Ohio-7490, ¶ 6. On appeal, we review the trial court's decision regarding a Civ.R. 12(B)(6) motion de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44.

**Breach-of-Contract Claim Barred by the Statute of Limitations**

{¶ 15} While the statute of limitations is an affirmative defense and generally not properly raised in a Civ.R. 12(B)(6) motion to dismiss, the Ohio Supreme Court has held that "a court may dismiss a complaint pursuant to Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations where the complaint, on its face, conclusively indicates that the action is time barred." *Messer v. Schneider Natl. Carriers*, 8th Dist. Cuyahoga No. 103913, 2016-Ohio-7050, ¶ 11, citing *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, and *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 58, 320 N.E.2d 668 (1974). "A Civil Rule 12(B)(6) motion to dismiss is in order where the allegations of the complaint itself, as viewed with all reasonable inferences drawn in favor of the nonmoving plaintiff, reflect that the action is beyond the statute of limitations." *Gore v. Mohamod*, 10th Dist. Franklin No. 21AP-526, 2022-Ohio-2227, ¶ 14. *See also Noe v. Smith*, 143 Ohio App.3d 215, 218, 757 N.E.2d 1164 (4th Dist.2000) ("When it is obvious from the face of a complaint that the statutory period for filing a claim has expired, dismissal pursuant to Ohio R.Civ.R. 12(B)(6) is appropriate.").

{¶ 16} By Gozion's own acknowledgement, he worked for the CSA during the 2015-2016 school year without a written contract and he filed the instant lawsuit because appellee failed to "make good on a promise of a written contract" for his services for the 2015-2016 school year.

{¶ 17} Even assuming the existence of an oral contract, we find Gozion's claim is barred by the applicable statute of limitations for an oral contract. Before June 16, 2021, the statute of limitations for an oral contract was six years pursuant to former R.C. 2305.07 (stating that a claim upon a contract not in writing must be brought within six years after the cause of action accrued). The statute was amended by Section 5(A) of Senate Bill 13, effective June 16, 2021, and now provides a four-year statute of limitations for a contract not in writing. Specifically, for an oral contract that "'accrued prior to the effective date of this act, the period of limitations shall be four years from the effective date of this act or the expiration of the period of limitations in effect prior to the effective date of this act, whichever occurs first.'" *Tabbaa v. Nouraldin*, 8th Dist. Cuyahoga No. 110737, 2022-Ohio-1172, ¶ 23, quoting Section 5(A) of Senate Bill 13.

{¶ 18} Gozion alleged in paragraph 13 of the amended complaint that, in this case, "the breach would have occurred March 15, 2016, the last day of [his] service." Therefore, the statute of limitations for Gozion's claim for a breach of an oral contract is the earlier of four years from June 16, 2021 (i.e., June 16, 2025) or six

years from the alleged breach (i.e., March 15, 2022). Yet, Gozion did not file the instant lawsuit until February 10, 2023, after the statute of limitations had expired.

{¶ 19} Therefore, accepting all factual allegations in Gozion's amended complaint as true and viewing such allegations in the light most favorable to him, we conclude that Gozion can prove no set of facts entitling him to relief, because his breach-of-contract claim is barred by the applicable statute of limitations.

{¶ 20} Under Count One, Gozion raises a claim for declaratory judgment, alleging that he "submitted timely requests for said promised contract" but "[D]efendant continually failed to follow through on their promise." "To determine the appropriate statute of limitations with respect to a declaratory judgment claim, courts look to the underlying nature or subject matter of the claim." *Naiman Family Partners, L.P. v. Saylor*, 2020-Ohio-4987, 161 N.E.3d 83, ¶ 13 (8th Dist.), citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 465 N.E.2d 1298 (1984). Although styled as a cause of action for declaratory relief, the underlying claim in Count One is based on an alleged breach of an oral promise, and therefore, this cause of action is also subject to the four-year statute of limitations and was untimely raised.

**Fraud Claim Was Not Pleaded With Sufficient Particularity Required by Civ.R. 9(B)**

{¶ 21} In the amended complaint, Gozion adds a fraud claim, asserting that he discovered the fraud *after* he filed the lawsuit. Specifically, he alleges he

discovered the fraud when appellee stated in a briefing filed with the court on May 1, 2023, that Gozion acknowledged "a physical contract was not in hand." According to Gozion, this statement "implies the Defendant knowingly made an offer, presented on a promise and then withdrew it."[1] Gozion asserts the fraud claim was filed within the four-year statute of limitations for fraud because he did not discover the fraud until May 1, 2023.

{¶ 22} Regardless of whether Gozion raised the fraud claim timely, Civ.R. 9(B) requires that "[i]n all averments of fraud * * *, the circumstances constituting fraud * * * shall be stated with particularity."[2] Our review of the

---

[1] In page 2 of his Motion for Leave to File First Amended Complaint, he stated the following:

> Through the First Amended Complaint, with new evidence in hand, the Plaintiff seeks the addition of a Fraud Claim. The Plaintiff first became aware of this fraud when the Defendant, in their filing on May 1, 2023, "Reply in Support of Motion to Dismiss Plaintiffs Complaint." In it the Defendant in ¶ 3 states, "Plaintiff admits that a 'physical' contact is not in hand." This implies the Defendant knowingly made an offer, presented it on a promise and then withdrew it. Then claiming no contract exists caused the Plaintiff to question their intention for the first time. This is a typical "bait and switch" tactic used to swindle innocent people and was unimaginable to the plaintiff that a prior a nonprofit would be capable of such behavior.

[2] The elements of fraud are:

> (1) a representation of fact (or where there is a duty to disclose, concealment of a fact); (2) that is material to the transaction at issue; (3) made falsely, with knowledge of its falsity or with utter disregard and recklessness as to whether it is true or false; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the misrepresentation (or concealment); and (6) resulting injury proximately caused by the reliance.

amended complaint reflects that Gozion fails to plead fraud with sufficient particularity to meet the heightened pleading standard.

{¶ 23} A plaintiff must state the circumstances constituting fraud with particularity pursuant to Civ.R. 9(B). *Cord v. Victory Solutions, LLC*, 8th Dist. Cuyahoga No. 106006, 2018-Ohio-590, ¶ 14. "'The "particularity" requirement of Civ.R. 9(B) means that the pleading must contain allegations of fact which tend to show each and every element of a cause of action for fraud.'" *Sutton Funding, L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, 936 N.E.2d 574, ¶ 50 (2d Dist.), quoting *Rieger v. Podeweltz*, 2d Dist. Montgomery No. 23520, 2010-Ohio-2509, ¶ 9. To meet the particularity requirement, a plaintiff must state the time, place, and content of the false representation. *Cord* at ¶ 14, citing *Carter Jones Lumber Co. v. Denune*, 132 Ohio App.3d 430, 433, 725 N.E.2d 330 (10th Dist.1999).

{¶ 24} Here, as we noted earlier, there are no specific factual allegations contained in the amended complaint to support Gozion's fraud claim in Count Three of the amended complaint that he was offered a written contract "different from what was promised then withdrawing it, with the promise it would be corrected, then not making good on the promise." Gozion does not identify who made the purported promises, when the promises were made, the amount promised, or specific circumstances surrounding the alleged fraudulent conduct. His pleading is

---

*Fast Tract Title Servs. v. Barry*, 8th Dist. Cuyahoga No. 110939, 2022-Ohio-1943, ¶ 11, citing *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984).

wholly insufficient under the heightened standard for the pleading of a fraud claim. "Failure to plead the elements of fraud with particularity results in a defective claim that cannot withstand a Civ.R. 12(B)(6) motion to dismiss." *Figgie v. Figgie*, 8th Dist. Cuyahoga No. 109829, 2021-Ohio-1195, ¶ 70, quoting *Glazer v. Chase Home Fin. L.L.C.*, 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, ¶ 83.

**{¶ 25}** Based on the foregoing analysis, we conclude the trial court properly granted appellee's motion to dismiss the instant action pursuant to Civ.R. 12(B)(6). The first and third assignments of error are overruled.

**{¶ 26}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR